## MILTON EUGENE CAIN V. STATE.

No. 24599. January 18, 1950.
Rehearing Denied February 22, 1950.

*Polk Shelton,* Austin, for the appellant.

*R. J. (Bob) Long,* District Attorney, and *Thomas D. Blackwell,* Assistant District Attorney, Austin, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of murder with malice, and his punishment was assessed at eighteen years in the penitentiary, for the killing of Daniel J. McMillen.

The facts from the standpoint of the state and quoted from the state's brief are these:

"The appellant was the third husband of Roberta Heath. She had previously been twice married to Dan McMillen, her first husband, the deceased, once married to W. O. Thompson, and twice married to the appellant, Milton Cain, as his second wife. Roberta Heath was the mother of two small children by Dan McMillen. Appellant and Roberta had no children. Appellant and Roberta married the last time on October 14, 1948, and after spending a few weeks in West Texas they separated and Roberta returned to Austin about five days before the shooting and was living with her parents. The shooting occurred about 9 P.M. on Thursday, November 18, 1948. The appellant stayed at the Heath residence on the Saturday night preceding the shooting, but he had been asked by Mr. and Mrs. Heath not to come to their house any more until his trouble with their daughter was settled. The appellant did not return to the Heath residence until the night of the shooting.

"Roberta had her two children with her at the Heath residence. Dan McMillen, the father of the children, had been invited by the grandparents to visit his children in their home. On the evening of November 18, 1948, the appellant borrowed a deer rifle from a friend and rode to the Heath home with his brother-in-law, Bobby Heath, and told Bobby that he was going to kill Dan McMillen. The appellant went to the rear of the Heath home and without invitation or knocking, broke and entered through a locked screen door and a locked outside door. He found Mr. and Mrs. Heath, their grandchildren and Dan McMillen in the house. Roberta Heath was not at home at that time. Without a word of warning, the appellant shot Dan J. McMillen once through the right side of the body, causing his death. As Dan McMillen fell to the floor, he fired one shot from a pistol. This shot missed the appellant and lodged in the ceiling of the Heath home. The appellant left the scene and turned himself over to an officer of the law to whom he admitted the killing."

The evidence from the standpoint of appellant discloses previous trouble between appellant and deceased, including threats made by the deceased against appellant. All such dif-

ferences and difficulties were apparently due to jealously and to their marriages and relations with Roberta.

Appellant testified that on the evening of November 18, 1948, he called the Heath residence by telephone, and asked for Roberta; that Mrs. Heath answered and told him Roberta was not there and hung up; that he called again and the deceased answered and said, "Its none of your business whether she is here or not." That 30 or 35 minutes later he went to the Heath residence to see if Roberta was there, and to see "what the score was." That he pulled the latch off the screen door and went in. That he saw Roberta there. That she was on the bed with her head in deceased's lap. That after entering the house he saw the deceased through a window between the rooms, as he was raising off the bed with a small gun in his hand. That the pistol was pointed in his direction and deceased fired. That he then shot deceased because he was scared deceased would kill him.

The court, in his charge to the jury, submitted the law of self-defense but qualified appellant's right of self-defense by instructing the jury on the law of provoking the difficulty. Also the charge contained an instruction on the presumption from the use of a deadly weapon by deceased.

Appellant excepted to the charge of the court and directed exceptions particularly to these instructions.

In paragraph 9c the jury was instructed as follows: "You are further charged that if you believe from the evidence that the deceased fired a pistol at defendant, the law presumes that he intended to kill the defendant."

Appellant excepted to such charge as not properly instructing the jury "of the facts in this case," and embodied in his exception a request that the jury be further instructed that "when a homicide takes place and the deceased has a deadly weapon the nature of which being a pistol that the evidence raises the issue of the use of the deadly weapon by the deceased, and that it is an absolute presumption that the deceased intended to use the deadly weapon to take the life of the defendant."

Appellant was not entitled to such a charge. Mere possession of a deadly weapon by the deceased does not raise the presumption provided by Art. 1223, P.C. It is the use of such weapon

in making an assault that raises the presumption, not its mere possession.

Appellant further excepted to such charge on the ground that same was upon the weight of the evidence, too restrictive to the facts in the case and placed the burden of proof upon the defendant.

The charge as given states the law as applied to the testimony as given by the defendant. We cannot agree with appellant's contention that the court should instruct the jury as to an assault by presenting a pistol where the testimony requiring such charge is to the effect that the assault by deceased on appellant was made by firing a pistol.

In connection with, and as a limitation on the law of self-defense, the court charged the jury as follows:

"11. The jury are further instructed that if you believe from the evidence, *beyond a reasonable doubt*, that the defendant sought the meeting with deceased for the purpose of slaying deceased, and having found him, did some act, or used some language, or did both, with intent to produce the occasion and bring on the difficulty, and that the same under the circumstances, was or were reasonably calculated to provoke a difficulty, and on such account the deceased attacked him, and he then killed deceased in pursuance of his original design, then the defendant cannot justify on the ground of self-defense, but such killing would be murder; but *if you believe* defendant had no such purpose in seeking the fatal meeting, or having it, did no act reasonably calculated to provoke the difficulty, was attacked by the deceased, then his right of self-defense would not be forfeited, and he could stand his ground and defend himself by the use of such means of defense as the facts and circumstances indicated to be necessary to protect himself from danger or what reasonably appeared to him at the time to be danger."

Appellant complains of this charge, his principal ground being that it places the burden of proof upon the defendant to prove his affirmative defense of the case. His complaint is based on the fact that the court in this paragraph tells the jury that if they find *beyond a reasonable doubt* that appellant provoked the difficulty, etc., but in stating the converse says, "but *if you believe* defendant had no such purpose, etc.", and omitted to add "or if you have a reasonable doubt" in connection with such converse.

As stated by Judge Hawkins in Anderson v. State, 129 Tex. Cr. R. 586, 90 S. W. 2d 564, "We are in accord with the holding that a charge should not be so worded as to shift the the burden of proof to a defendant, and that ordinarily the question of reasonable doubt should be given in connection with an affirmative defensive charge, and that failure to do so · raises a serious question when called to the trial court's attention."

Though the better practice be to apply the doctrine of reasonable doubt in each paragraph and in connection with each defensive theory, it does not follow that failure to do so constitutes reversible error. See Walker v. State, 88 Tex. Crim. Rep. 389, 227 S. W. 308.

The question raised has been decided adversely to appellant's contention.

In Prescott v. State, 54 Tex. Cr. R. 481, 113 S. W. 530, the instruction given the jury was similar to the charge in this case, and the same exceptions were reserved. In that case, after instructing the jury properly on the law of provoking the difficulty, the court charged the converse: "but if defendant *had no such purpose* in seeking the fatal meeting * * *" (omitting the theory of reasonable doubt). Judge Ramsey, speaking for this court, said: "Complaint is also made of the charge of the court in respect to the issue of provoking the difficulty, and the claim is made * * * that it shifts the burden of proof on the appellant. We do not think, considering the charge of the court altogether that this contention can be sustained."

In Gray v. State, 61 Tex. Cr. R. 454, 135 S. W. 1179, the trial court instructed the jury on the law of provoking the difficulty in paragraph 13, and the converse in separate paragraphs, and exception was reserved to paragraph 14 on the ground that it shifted the burden of proof to defendant. Paragraph 14 reads, "If on the other hand, you find that the defendant * * * *with no intention* to provoke a difficulty with deceased * * *" (omitting in such paragraph any reference to the theory of reasonable doubt).

Judge Harper, in his concurring opinion, answered this contention as follows: "It is hardly fair to take an isolated paragraph of the court's charge and criticize it. In his brief appellant criticizes paragraph 14 of the charge, claiming that it shifted the burden to defendant; but when we read paragraph 15, it is seen that the claim is not justified, for in that paragraph

he tells the jury that, unless they so find beyond a reasonable doubt, his right of self-defense would not be limited, and again in paragraph 20 the jury are told that they must find defendant guilty beyond a reasonable doubt or acquit him."

Viewing the charge as a whole, and giving effect to Art. 666, C.C.P., we believe that no error is shown that was calculated to injure the rights of appellant.

The judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed quite an exhaustive argument in favor of his motion for rehearing. By brief and oral argument he insists that we erred in not sustaining his contention in each of two exceptions to the court's charge. The first was that the charge is upon the weight of the evidence and too restrictive to the facts in this case and places a burden of proof upon the defendant. This objection is directed to the following paragraph of the charge: "If you believe from the evidence that the deceased fired a pistol at defendant, the law presumes that he intended to kill the defendant."

The second exception is directed to the charge as a whole, because it does not properly instruct the jury on the facts of the case. The exception then requested the court to charge the jury that when a homicide takes place and the deceased has a deadly weapon (a pistol in this case) that the evidence raises the issue on the use of the weapon by the deceased, and that it constitutes an absolute presumption that the deceased intended to use the same to take the life of defendant.

Of these two issues, it appears to the writer that the original opinion is clear and sufficiently discusses all of the issues raised by the evidence in the case. The argument in the motion goes afield from this and, while relying on testimony given by appellant to the effect that the deceased shot at him first, he also wants an additional charge. This was discussed in the opinion and we think correctly disposed of.

The appellant's motion for rehearing is denied.