**Jimmy Paul ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40741.**

Court of Criminal Appeals of Texas.

Nov. 1, 1967.

D. C. Gandy, Fort Worth, Court Appointed on Appeal Only, for appellant.

Frank Coffey, Dist. Atty., Rufus Adcock and Gordon Gray, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is attempt to commit burglary; the punishment, four years.

Appellant's first ground of error urged in argument on appeal is that the evidence is insufficient to corroborate the testimony of the accomplice witness Milliorn. The fact that someone made a burglarious attempt to enter the Playboy Lounge on the night in question is not questioned. The sole question is whether there were two or three participants in the attempt, and, if three, then was the appellant one of them.

John C. Williams, a street department employee, was in the area and saw three men on the top of the lounge roof. A short while thereafter he saw two men coming down the ladder and one man on the ground beside the lounge.

Audie Williams, another street department employee, arrived in the area and saw three men walking about one-half block from the lounge, saw them enter an automobile and followed them some two or

three blocks to the spot where they were apprehended by the police.

Officer Phillips, who was on the roof of the lounge, saw three men in the automobile at the time it drove away from the parking area nearby.

Officer Johnson, at the instruction of Officer Phillips, pursued the same automobile from the time it left the parking lot near the lounge to the point of arrest and stated that three men were in the same and that appellant was one of them.

While some of the State's witnesses saw only two men on the building, what we have set forth above constituted sufficient evidence to corroborate the witness Milliorn, who placed himself, appellant and Jack Allen Gee at the lounge, each participating in the attempted burglary.

It is evident from their verdict that the jury rejected Gee's testimony that only he and Milliorn were at the scene and that they picked up appellant after they left the parking lot and while fleeing from the police.

Appellant's second ground of error is the failure of the court to give the jury a charge on alibi. Such a charge he contends was called for by the testimony of Gee set forth above. Without passing on such contention, we observe that while he made other objections to the court's charge, the failure to charge on alibi was not one of them. It is well settled that in the absence of a requested charge or an objection to the court's charge, the question of the court's failure to so charge cannot be raised on appeal. 1 Branch, 2d, Ann.P.C., Sec. 77, p. 72.

Appellant's third ground of error is without foundation. It was his own trial counsel who elicited the evidence as to an extraneous offense and he cannot be heard to complain on appeal.

Finding no reversible error, the judgment is affirmed.