Homer Lee CASEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 44487.

Court of Criminal Appeals of Texas.

Jan. 26, 1972.

Rehearing Denied March 1, 1972.

Tom C. Fuller, Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for theft from person where following a guilty verdict as to the primary offense the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life by the court.

Initially, appellant challenges the sufficient of the evidence to sustain his conviction.

Judith Sarazan, Braniff Airlines hostess, testified that at approximately 11:30 p.m. on April 11, 1968, she went to Braniff's Technical Training Building in the city of Dallas to attend a night class. She revealed that as she walked towards the building the appellant approached and spoke to her and then suddenly grabbed her purse and fled across a nearby parking lot. Seeing Braniff Captain Frank Stone in his car she sought his assistance. Stone apprehended the appellant and held him until the police arrived. Braniff Captain Hamilton Halsey who arrived on the scene shortly thereafter found the purse partially under an automobile on the parking lot and returned it to Miss Sarazan. The first police officer on the scene was also called by the State.

Dallas Police Officer W. J. Duncan was called by the defense and testified that he took the appellant into custody on the occasion in question and as he recalled the parking lot "wasn't well lit" which was contrary to the testimony of the complaining witness.

Testifying in his own behalf appellant denied the offense. He related he accepted a ride home from Charles Johnson and Johnny Ray Smith but that when they began to talk about "making some money" and "snatching a woman's purse" he got out of the car. He testified he saw the purse being taken, but claimed he was not involved in the offense. On direct examination he admitted he had been convicted of breaking and entering a motor vehicle in 1963 and of felony theft in 1966.

The State then offered the testimony of Detective John Adamcek that appellant's reputation for truth and veracity was bad.

The evidence is clearly sufficient to support the jury's verdict.

■ Appellant also urges the evidence fails to reflect that he was the same person so previously convicted of breaking and entering a motor vehicle in 1963 and of felony theft in 1966 as alleged in the indictment. Although appellant's testimony at the guilt stage of the trial did not specify where his prior convictions occurred nor mentioned courts or cause numbers, it is observed that at the hearing on punishment the appellant, after a reading of that portion of the indictment relating to such convictions, stated to the court that he was "guilty" and that such allegations were "true and correct." Then, without objection, the state offered the authenticated prison packet pertaining to the prior convictions alleged including photographs and fingerprints. The testimony of a fingerprint expert to the effect that such fingerprints were identical with a known set of appellant's prints was stipulated to by the appellant and his counsel and the State. Other testimony as to the date of the commission of the offense resulting in the second prior conviction alleged was also stipulated.

■ Appellant's claim that these stipulations did not meet the requirements of Article 1.15, V.A.C.C.P., in effect at the time of the trial (July 22, 1968), is without merit. Such statute pertains to a plea entered before the court in non-capital felony cases where a jury trial has been waived. It had and has no application to a hearing on punishment before the court following a jury trial. It should also be noted that the statute has now been amended (Acts 1971, 62nd Leg., p. 3028, chpt. 996, effective June 15, 1971).

■ Next appellant contends the court erred in failing to grant his mistrial motion after a highly prejudicial and unresponsive answer by the complaining witness on re-direct examination. When asked to describe how the appellant walked the witness replied, "The best way I can describe it is that he acted as if he were possibly doped up." The objection thereto

was promptly sustained and the jury instructed to disregard the answer, but the motion for mistrial was overruled.

What appellant overlooks is that earlier on cross-examination he had first elicited the same testimony. The witness related when the appellant fled with her purse he "wasn't really running . . . not really walking" and was not "acting in a normal manner." When asked to explain she answered: "I felt that . . . first I thought maybe he was intoxicated and I decided later that was not true, because he didn't smell like that he had been drinking. But then I thought possibly he was on pills or something. He acted like he was doped up."

Under the circumstances we fail to perceive any error. Rogers v. State, Tex.Cr. App., 420 S.W.2d 714. For the same reason we find no merit in appellant's further complaint that the court erred in overruling his objection to the prosecutor's argument that the witness thought the appellant "was high on pills." Such argument was a reasonable deduction from evidence elicited by the appellant himself.

■ Appellant also advances another ground of error relating to jury argument claiming the prosecutor referred to him as a "mad dog." The same is not briefed and merely refers to a page number in the record. Such ground of error is not in compliance with Article 40.09, Sec. 9, V.A. C.C.P. Nothing is presented for review. Further, an examination of the argument clearly indicates that appellant misreads the record.

A supplemental brief filed only in this court attempts to raise other grounds of error. We have concluded that none of these require review "in the interest of justice." See Article 40.09, Sec. 13, V.A. C.C.P.

The judgment is affirmed.