**Walter Mitchell DANIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45069.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Rehearing Denied Dec. 13, 1972.

Pat Hall, Philip R. Lane, San Angelo, for appellant.

Royal Hart, Dist. Atty., and Aaron Goldberg, Asst. Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice. Trial was held before a jury, which assessed punishment at confinement for thirty-five years. A discussion of the evidence is not necessary to the disposition of the case and will be omitted.

In his first ground of error, appellant contends that the trial court erred in overruling his motion for new trial in which he alleged jury misconduct. The motion was accompanied by the affidavit of one of the jurors, Christine Tafolla, in which she stated that, during the course of the jury's deliberation, "One of the jurors, Virgil Spiers, definitely stated that Defendant would serve only seven years if the jury sentenced him to thirty-five years. Members of the jury repeatedly asked Spiers and another man, whom I believe to be Roy A. Skiles, whether they were sure that Defendant would serve only seven years if sentenced to thirty-five years in prison. Spiers and the other man always answered in the affirmative. Several of the jurors had previously voted by secret ballot to assess punishment between fifteen and twenty-five years, and the statements by Spiers and the other man convinced me, and I believe others, to raise the sentence to thirty-five years."

At the hearing on the motion for new trial, nine of the jurors testified. Juror Tafolla's testimony, on direct examination, was substantially the same as the content of her affidavit. However, on cross-examination she testified that no member of the jury purported to know the law regarding parole and the release of prisoners, but that the two jurors (Skiles and Spiers) who were mentioned in the affidavit were "more affirmative" in their belief that appellant would be required to serve only seven years than were the other jurors.

Mrs. Dawn Hodge, a juror, testified that there was some discussion as to the actual time which a person would be required to serve under a thirty-five year sentence, but that no one knew for certain, although the general belief was that the range would have been between ten and twelve years.

Mrs. Wiedenfeld, a juror, testified that the jurors discussed the length of time which a person would have to serve under a particular sentence, but no juror knew for certain although there was some speculation on the matter.

Juror Bitner testified that there was some discussion concerning the topic, but that no one knew the length of time, although some jurors stated that the length was probably a third of the sentence. He stated that he believed that a member of the jury opined that appellant would serve from seven to ten years under a thirty-five year sentence. He testified that no opinion expressed by any juror caused him to change his vote.

Juror Spiers testified that at no time during the deliberations of the jury did he purport to know the law in regard to pardons and paroles, nor did he make any positive statement to any other juror that he did know the law.

Juror Bradshaw testified that at no time during the deliberations did anyone purport to know the law as to the amount of time required to be served under a par-

ticular sentence, although there was considerable discussion as to the amount of time appellant would be required to serve. She stated that there was some discussion to the effect that appellant would be required to serve approximately ten years under a thirty-five year sentence. No one, however, purported to know whether ten years was the amount required by law to be served.

Juror Awalt testified no person purported to know the law as to the time required to be served under a particular sentence, but that there was some discussion of the matter, some jurors believing that one-third of the sentence was the required time.

Juror Turn testified that no person purported to know the law, and that no one estimated the time required to be served, and that there was no discussion in regard to a specific length of time required to be served.

Juror Skiles testified that he never claimed, during the deliberations, to know the law in regard to the time actually required to be served before becoming eligible for parole. He testified that there was some discussion of the matter, but that he never told any member of the jury "what the regulation was." He did testify, however, that he may have stated that he believed that appellant would only be required to serve one-third of his sentence. He also stated that there was some discussion to the effect that appellant would not have to serve more than a certain number of years, but that "nobody knew how many years."

An examination of the testimony of the various jurors, summarized above, reveals that the testimony as to what transpired in the jury room was conflicting. Even if Juror Tafolla's testimony is construed as being that Juror Spiers definitely purported to know the law, the testimony of the other jurors provides sufficient evidence to the contrary to support the trial court's refusal to grant the motion for new trial. The strongest testimony in favor of the

court's action was that of Juror Turn, who denied that any statements were made. The other jurors, while admitting that a discussion was had, testified either that no one purported to know the law or that no one was certain.

 The trial court, as trier of fact, was free to disbelieve Juror Tafolla's testimony and to believe all or part of the testimony of the remaining jurors. Walton v. State, 398 S.W.2d 555 (Tex.Cr.App. 1966). *See also* Chivers v. State, 481 S.W. 2d 125 (Tex.Cr.App.1972); Farmer v. State, 475 S.W.2d 753 (Tex.Cr.App.1972); Rhodes v. State, 441 S.W.2d 197 (Tex.Cr. App.1969).

 The testimony of the remaining jurors (excluding that of Juror Turn) was not sufficient to require that a new trial be granted. Not every mention of parole during jury deliberation constitutes reversible error. It is only when a juror purports to know the law, and makes a misstatement thereof, that the remark constitutes reversible error. Jones v. State, 462 S.W.2d 578 (Tex.Cr.App.1970). *See also* Demolli v. State, 478 S.W.2d 554 (Tex.Cr.App.1972); Johnson v. State, 418 S.W.2d 834 (Tex.Cr.App.1967). In this case, the jurors testified that no one purported to know the law, but that there was discussion of the matter.

 In any event, Juror Turn's testimony that no estimates were made as to the time required to be served was sufficient to support the trial court's denial of the motion. Appellant's first ground of error is overruled.

In his second ground of error, appellant complains of a certain paragraph of the charge, which was as follows:

"Now, if you find and believe from the evidence beyond a reasonable doubt that the defendant, Walter Mitchell Daniel, in Tom Green County, Texas, on or about the 20th day of September, 1970, did then and there unlawfully and

voluntarily kill Robert Ray Lee by shooting him with a gun, as set forth in the indictment, but you further find and believe, or have a reasonable doubt thereof, from all the facts and circumstances in evidence in the case, that the defendant in killing the deceased, if he did, was not prompted and did not act with malice aforethought, then you will find the defendant guilty of murder without malice."

Appellant's complaint is that this portion of the charge "misplaces the burden of proof as to whether the murder is with or without malice and is couched in language that is incomprehensible."

Appellant argues that this paragraph, in effect, instructs the jury that if they have a reasonable doubt that he did not act with malice aforethought, then he should be found guilty of murder without malice.

 While we agree that this paragraph is not clear, we do not feel that the paragraph, when viewed in light of the entire charge, and especially in light of the paragraphs immediately preceding and following it, was so confusing as to require reversal. The charge should be viewed as a whole, and review should not be limited to parts of the charge standing alone. Cain v. State, 154 Tex.Cr.R. 284, 226 S.W. 2d 640 (Tex.Cr.App.1950).

In the instant case, the paragraph immediately preceding the paragraph to which appellant objects was as follows:

4.

"Murder without malice aforethought is a voluntary homicide committed without justification or excuse under the immediate influence of a sudden passion, arising from an adequate cause, by which it is meant such cause as would commonly produce a degree of anger, rage, resentment or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection."

The two paragraphs immediately following the paragraph to which appellant objects were as follows:

6.

"If you should find that the defendant was guilty of murder but you have a reasonable doubt as to whether the defendant, in committing the offense, if he did, was prompted by malice, then you should resolve that doubt in defendant's favor, and in such case you can find the defendant guilty only of murder without malice aforethought.

"In this connection, if you find from the evidence beyond a reasonable doubt that the defendant is guilty of murder, then you may consider the condition of defendant's mind at the time of the killing, if any, and, as going to show the condition of mind, you may take into consideration all the relevant facts and circumstances surrounding the killing, if any, and the previous relationship existing between the defendant and the deceased, if any, together with all relevant facts and circumstances in evidence."

7.

"If you find from the evidence beyond a reasonable doubt that defendant is guilty of murder but you have a reasonable doubt as to whether such offense was committed with malice aforethought, you should resolve that doubt in defendant's favor and find him guilty of murder without malice aforethought.

"If you have a reasonable doubt as to whether defendant is guilty of murder at all, whether with or without malice aforethought, then you will find the defendant not guilty."

Thus, it is clear that the two paragraphs following the paragraph to which appellant objects made clear that if the jury had a reasonable doubt as to whether appellant was prompted by malice, they should find him guilty of murder without malice.

These two paragraphs conveyed to the jury that which was attempted to be stated in the preceding paragraph. Thus, any error in the wording of the paragraph was harmless. Appellant's second ground of error is overruled.

In addition to the grounds of error discussed above, appellant sets forth five additional grounds of error which he has not seen fit to brief. Each ground is a conclusory statement without elaboration or authority. These grounds of error do not comply with the requirements of Art. 40.09, § 9, Vernon's Ann.C.C.P., and will not be reviewed. *E.g.,* Frazier v. State, 480 S.W.2d 375 (Tex.Cr.App.1972); Thompson v. State, 480 S.W.2d 624 (Tex.Cr.App.1972); Webb v. State, 480 S.W.2d 398 (Tex.Cr.App.1972); Casey v. State, 475 S.W.2d 920 (Tex.Cr.App.1972); Gonzalez v. State, 468 S.W.2d 85 (Tex.Cr.App.1971).

The judgment is affirmed.