Tom Henry MATHIS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 47090.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Rehearing Denied Feb. 13, 1974.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty. and John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary with the intent to commit theft; the punishment, ten years' imprisonment.

The appellant challenges the sufficiency of the evidence and also urges that the trial court erred in overruling his objection to the Court's charge instructing the jury on the law of principals.

Two eyewitnesses testified they saw the appellant and another man enter a home and carry out a television set, an iron and other property which was placed in an automobile standing in a driveway. The two men and another occupant in the automobile drove away. These witnesses were suspicious and called and informed the police department of what they had observed. They also gave a description of the individuals and the automobile. An officer who received the information soon stopped the automobile occupied by the appellant, the appellant's wife and Louis Wilson. The television set, a steam iron and other property belonging to Vannie Sansom, the owner of the house entered, were found in open view in the automobile. Vannie Sansom testified she did not give the appellant nor Wilson consent to enter her home and take her property.

The appellant and his wife both testified. They admitted being at the Sansom home with Wilson. However, it was their version of the matter that they thought Wilson resided at that home and they were helping him move his property.

The conflicts in the testimony were resolved by the jury's verdict and the evidence amply supports that verdict.

The appellant's objection to the Court's charge on principals was:

"The defendant objects to the part of the charge which states 'any person who advises or agrees to the commission of an offense and who is present when the offense is committed is a principal and may be prosecuted as such whether he aids or not in the illegal act.'

"Defendant objects for the reason that the charge does not state that the defendant knows at the time the 'offense' is committed that the 'act' is an offense. He could aid in an 'act' and be present when the 'act' is committed, and only find out later that the 'act' is an 'offense,' and under this charge the defendant could be found guilty even though he was unaware that the 'act' was illegal and therefore an 'offense.'

"The defendant requests that the Court add after the word 'offense,' the words 'knowing at the time that the act is an offense.'"

The Court's charge on the law of principals submitted to the jury reads as follows:

"All persons are principals who are guilty of acting together in the commission of any offense. When an offense is actually committed by one or more persons, but others are present and, knowing the unlawful intent, aid by acts or encourage by words those actually engaged in the commission of the unlawful act, such persons so aiding or encouraging are principals and may be prosecuted as such. Mere presence alone will not constitute one a principal.

"Any person who advises or agrees to the commission of an offense and who is present when the offense is committed is a principal and may be prosecuted as such whether he aid or not in the illegal act."

Challenged instructions must be considered in the overall context in which

**450**

they were given. The charge to the jury should be viewed as a whole and review should not be limited to parts of the charge standing alone. Daniel v. State, 486 S.W. 2d 944 (Tex.Cr.App.1972); Gonzales v. State, 466 S.W.2d 772 (Tex.Cr.App.1971); Sharp v. State, 392 S.W.2d 127 (Tex.Cr. App.1965). The charge on the law of principals which was also applied to the facts of the case was properly submitted. See Articles 65, 66 and 69, Vernon's Ann. P.C.

■ The appellant did not request that any other charge be given, nor did he object to the charge given for its failure to instruct on a defensive theory which may have been raised by the evidence. The appellant's objection to the charge was not sufficient to put the trial court on notice that the appellant desired an affirmative charge on the defensive theory supported by his testimony and that of his wife. See Gonzales v. State, 157 Tex.Cr.R. 8, 246 S. W.2d 199 (1951). In Joiner v. State, 161 Tex.Cr.R. 526, 279 S.W.2d 333 (1955) relied upon by the appellant, the defendant properly requested the trial court to charge on his defensive theory.[1]

■ In any event, we fail to see how the charge on the law of principals would be calculated to injure the rights of the appellant in the instant case. The Court's charge made the appellant's guilt depend upon the finding that he committed the offense acting either alone or as a principal. The evidence is sufficient to authorize the finding that the appellant was present and active in the commission of the offense and it is sufficient to support a finding of the appellant's guilt without its being based upon the theory of principals. See Han-

non v. State, 475 S.W.2d 800 (Tex.Cr. App.1972) and the cases therein cited.

The judgment is affirmed.

Opinion approved by the Court.

---

1. The properly requested charge which was refused in Joiner v. State, supra, read as follows:

"You are further instructed that you will acquit the defendant unless you find and believe from the evidence beyond a reasonable doubt that the defendant knew that Betty Jean Woods was under the influence of intoxicating liquors at the time and place of the alleged offense of driving while intoxicated, or if you have a reasonable doubt thereof you will acquit the defendant and return a verdict of not guilty."