**Richard Earl JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00109–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 18, 1981.

Rehearing Denied Dec. 9, 1981.

Discretionary Review Refused March 10, 1982.

David K. Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Peter A. Sakai, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

OPINION

KLINGEMAN, Justice.

A jury found appellant guilty of the offense of rape. Tex.Penal Code Ann. § 21.02 (Vernon 1974 & Supp. 1980–81). The court assessed punishment at confinement for a term of ten (10) years.

Appellant's single ground of error is that the trial court's charge is fundamentally defective in failing to include the necessary element of force when applying the law to the facts.

Appellant failed to object at trial to the court's charge to the jury. Absent such objection, only fundamental error [1] can be presented on appeal. *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979). A charge which omits an essential part of an element of an offense is fundamentally defective. *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.1980).

1. Fundamental error is error "calculated to injure the rights of the appellant to the extent he has not had a fair and impartial trial." *Smith v. State,* 513 S.W.2d 823 (Tex.Cr.App.1974).

An essential element of the offense of rape is for the intercourse to take place "without the female's consent." Tex.Penal Code Ann. § 21.02(a) (Vernon 1974). Intercourse is "without the female's consent," *inter alia*, when the offender "compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances." *Id.* § 21.02(b)(1) (Vernon Supp.1980–1981).

Here the indictment alleged that the complainant's lack of consent was due to "use of force that overcame such earnest resistance as might have been reasonably expected under the circumstances." The jury charge stated:

> A person commits the offense of Rape if he intentionally or knowingly has sexual intercourse with a female not his wife without the female's consent. The intercourse is without the female's consent if he compels her to submit by force that overcomes such earnest resistance as might reasonably have been expected under the circumstances.

Following a list of definitions, the court's application of the law to the facts stated "that such intercourse was without her [complainant's] consent, as that term has been hereinbefore defined, ...."

 In determining the validity of the court's charge "[i]t has long been held that: '[t]he [court's] charge should be viewed as a whole, and review should not be limited to parts of the charge standing alone.'" *Simmons v. State*, 622 S.W.2d 111 (Tex.Cr.App. 1981) (quoting *Cain v. State*, 154 Tex.Cr.R. 284, 226 S.W.2d 640 (1950)). Here the court's charge defined consent without addressing the use of force.[2] The court's initial instruction on the essential elements of the offense of rape, however, set out the applicable law on lack of consent by force. Viewing the charge as a whole, we do not believe that the jury was misled as to what term had been "hereinbefore defined." Instructed to find the essential element of

"without her [complainant's] consent" the jury merely had to look to the initial instruction to ascertain the applicable law on lack of consent. Therefore, we find that the jury was clearly informed of the essential elements of the offense of rape which had to be proven beyond a reasonable doubt before they would be authorized to find appellant guilty. Since under the record, there was no inherent unfairness to appellant or injury to the rights of appellant, the charge was not fundamentally defective. *Rohlfing v. State*, 612 S.W.2d 598 (Tex.Cr. App.1981). The ground of error is overruled.

The judgment is affirmed.

---

2. The court's definition as set out in the charge stated: "'Consent' means assent in fact, whether express or apparent."