**Robert Lee TISDELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–042–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 3, 1981.

Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

This appeal arises out of a conviction for theft of over ten thousand dollars ($10,000) wherein the punishment, enhanced by a prior conviction, was assessed at twenty (20) years. We affirm.

■ The sufficiency of the evidence is not challenged. The alleged errors of the trial court concern its charge to the jury on the application of the law to the facts. No objections to the charge were made at trial. Consequently, our review is limited to any fundamental errors. *See Jackson v. State,* 591 S.W.2d 820 (Tex.Cr.App.1979).

The first part of the charge contained the court's definitions on the abstract law of theft. The court thereafter applied the law to the facts in two different paragraphs. These paragraphs, which authorized a conviction for appellant acting alone, were identical except for a difference in the amount of the value of the property which difference was relevant as to the degree of the felony. The charge in these paragraphs provided in part as follows:

> Now if you find from the evidence beyond a reasonable doubt that..., the defendant, Robert Lee Tisdell, did unlawfully appropriate property from John Augut, the owner, as set forth in the indictment, ... with the intent to deprive John Augut of the property and without the effective consent of John Augut, then you will find the defendant guilty of theft.

Following these paragraphs, the charge included an instruction on the law of parties. In applying this law to the facts, the following charge was given:

> Now if you find from the evidence beyond a reasonable doubt that the defendant, either acting alone or with another, or others as a party to the offense, as that term is hereinafter defined, did intentionally or knowingly, on or about the 31st day of March, 1978, did unlawfully appropriate property from John Augut, the owner, then you will find the defendant guilty.

If you do not so believe, or you have a reasonable doubt thereof, you will acquit the defendant.

■ Appellant asserts that it was fundamental error for the court to fail to include in this charge that appellant intended to deprive the owner of the property, an element of the offense of theft. Relying on *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr. App.1979), wherein the court discussed four types of fundamental errors with respect to a court's charge, appellant contends that this case falls under the fourth kind which is committed when the charge authorizes conviction for conduct which is not an offense, as well as for conduct which is an offense.

We find that appellant's contention is without merit for several reasons. First, the cases cited by the court in *Cumbie* for this fourth kind of fundamental error authorized a conviction for aggravated robbery for *recklessly* threatening and placing in fear which is not an offense under Tex. Penal Code Ann. § 29.02(a)(2) (Vernon 1974). Neither was the culpable state of recklessness alleged in the indictment. *Jackson v. State,* 576 S.W.2d 88 (Tex.Cr. App.1979); *Dowden v. State,* 537 S.W.2d 5 (Tex.Cr.App.1976). In these cases, the charge actually enlarged the allegations in the indictment resulting in the charge authorizing conviction for conduct which was not an offense. See also *Colbert v. State,* 615 S.W.2d 754 (Tex.Cr.App.1981) wherein the charge was found to be fundamentally defective because it authorized a conviction for voluntary manslaughter pursuant to Tex.Penal Code Ann. §§ 19.04(a), 19.-02(a)(1), and 19.02(a)(2) (Vernon 1974) whereas the appellant had been indicted for murder only pursuant to § 19.02(a)(1); *Cf.; Williams v. State,* 535 S.W.2d 352 (Tex.Cr. App.1976). In *Williams,* the court instructed the jury on the law of both robbery and aggravated robbery. Appellant complained that in applying the law of aggravated robbery to the facts, the charge authorized conviction for recklessly causing bodily injury although the indictment included only

the words "intentionally" and "knowingly." The court nevertheless affirmed the conviction citing Tex.Code Crim.Pro.Ann. art. 36.-19 (Vernon 1974) as authority for its finding that the charge, although erroneous, was not reversible error. That statute provides as follows:

> Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.17 and 36.18 [concerning the court's charge] has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of trial.

The court in *Williams* found that because the evidence was sufficient to support a conviction for aggravated robbery although the conviction was for robbery, and because it was highly unlikely that the jury was confused or misled because there was no evidence that the complainant received any bodily injury, the error in the charge was not fundamental; i.e., it was not calculated to injure the appellant's rights nor did it appear that he had not had a fair and impartial trial.

In the instant case, just as in *Williams*, no objection to the charge was made at trial. Therefore, Article 36.19, *supra*, requires us to determine whether this appellant's rights were injured or whether he had a fair and impartial trial. We find that the evidence in the case at bar was sufficient to convict appellant either acting alone or as a party to the offense. Since the court correctly applied the law to the facts in authorizing a conviction for acting alone, it would require an unnecessary stretching of the law to conclude that the court's failure to include the words "with the intent to deprive the owner of the property" in applying the law of parties to the facts was an error calculated to injure appellant's rights or which resulted in appellant's not having had a fair and impartial trial. Tex.Code Crim.Pro. Ann. art. 36.19 (Vernon 1974).

Appellant relies also on *Bradley v. State*, 560 S.W.2d 650 (Tex.Cr.App.1978); and *Smith v. State*, 571 S.W.2d 917 (Tex.Cr.App. 1978) for the contention that the charge was fundamentally erroneous because it authorized a conviction without charging on all the necessary elements of the offense. In *Bradley*, the charge in applying the law of theft to the facts failed to include the words "without the effective consent of the owner of the property." The court there held that the charge was fundamentally erroneous. We may distinguish *Bradley* from the instant case by pointing out that in *Bradley*, the only charge which applied the law to the facts authorized a conviction for acting alone; no charge for acting as a party to the offense was given. There the jury was not given the benefit of having previously seen a correct application of the law to the facts. The situation in the case before us was different as the charge applying the law to the facts for acting alone which the jury had before them was correct.

We may also distinguish *Smith, supra*, as there the indictment and not the charge was what failed to include the words "with the intent to deprive the owner of property." This is an element necessary for a theft allegation; therefore, the indictment was defective because it failed to charge the appellant with an offense against the laws of this State. Appellant here cites this case for the contention that the jury was authorized to convict appellant without a showing of the requisite intent. It must be pointed out that although this instruction failed to include the words "with the intent to deprive the owner of the property," the instruction included the words "intentionally" and "knowingly" which words were not included in the instruction applying the law to the facts as to appellant acting alone. We find that the inclusion of these words in the application of the law of parties to the facts, in addition to the giving of the definition of theft which provides that a person commits the offense of theft if he "unlawfully appropri-

ates property with intent to deprive the owner of property" were sufficient to show the requisite intent. To require the charge in each case to be scrutinized in the same manner as is the present law on allegations in the indictment would unduly frustrate the justice system in this State. We are not inclined to extend the law so far. As has been previously held in numerous cases, the charge should be viewed as a whole, and review should not be limited to parts of the charge standing alone. *Jackson v. State,* 591 S.W.2d 820 (Tex.Cr.App.1979); *Mathis v. State,* 504 S.W.2d 448 (Tex.Cr.App.1974); *Daniel v. State,* 486 S.W.2d 944 (Tex.Cr. App.1972); *Cain v. State,* 154 Tex.Cr.R. 284, 226 S.W.2d 640 (1950). We agree with this line of cases and hold that viewing the charge as a whole, no fundamental error was committed by the trial court in the giving of this charge.

Finally, in *Romo v. State,* 568 S.W.2d 298 (Tex.Cr.App.1977), wherein a conviction was affirmed on the State's motion for rehearing, the court held that it was not fundamental error for the court to fail to apply the law of parties to the facts of the case. This decision was such notwithstanding the fact that the evidence in *Romo* supported a conviction of appellant *only* as a party to the offense and not as a sole actor. Certainly if the entire omission of the application of the law of parties to the facts was not fundamental error, it defies reason to conclude that attempted application of the law, although erroneous, is fundamental error. *Cf. Apodaca v. State,* 589 S.W.2d 696 (Tex.Cr.App.1979) (wherein appellant made a timely objection to the charge). For these reasons, appellant's grounds of error are overruled and the conviction is affirmed.