Gilberto REZA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–138–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 24, 1983.

John L. Carrington, Harlingen, for appellant.

Reynaldo Cantu, Jr., Criminal Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

Appellant was convicted of attempted murder by a jury; punishment, imposed by the court, was assessed at five years imprisonment. We affirm.

Appellant contends in his sole ground of error that fundamental error existed in the charge to the jury because the jury was authorized to convict him on a theory not alleged in the indictment.

The pertinent portion of the indictment stated that appellant:

> ... did then and there unlawfully, with the specific intent to commit the offense of murder, attempt to intentionally and knowingly cause the death of an individual, MIGUEL CISNEROS, by shooting him with a firearm, said attempt amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

The portion of the instructions to the jury challenged by appellant stated that:

> Our law provides that a person commits the offense of murder if he intentionally or knowingly causes the death of an individual, or intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.
>
>     \*      \*      \*      \*      \*      \*
>
> "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

Section 19.02(a)(1) of the Texas Penal Code states that "A person commits an offense if he intentionally or knowingly causes the death of an individual." This is the language followed in the indictment. Appellant contends, however, that because of the court's definition of "Serious Bodily Injury" in the charge, the jury was improperly given authorization to convict him under Section 19.02(a)(2) of the Texas Penal Code, which states that "A person commits an offense if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." Appellant argues that since the court's charge to the jury thus authorizes conviction on a theory not alleged in the indictment, the charge contains fundamental error, and requires reversal even in the absence of a trial court objection.

■ Since no objections were made to the charge at trial, our review is limited to any fundamental errors. *Jackson v. State,* 591 S.W.2d 820 (Tex.Cr.App.1980). "Fundamental error is presented where error in the charge goes to the very basis of the case so that the charge fails to state and apply the law under which the accused is prosecuted." *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975). The error in the charge will not be considered fundamental if it is (1) not calculated to injure the appellant's rights and (2) it appears that he had a fair and impartial trial. *Tisdell v. State,* 626 S.W.2d 130 (Tex.App.—Houston [14th Dist.] 1981, no d.r.).

"The charge should be viewed as a whole, and review should not be limited to parts of the charge standing alone." *Jackson v. State,* supra; *Daniel v. State,* 486 S.W.2d 944 (Tex.Cr.App.1972). Thus, an error in the charge to the jury may be cured if elsewhere in the charge the law was properly submitted as to the whole case. *White v. State,* 385 S.W.2d 397 (Tex.Cr.App.1965). "The specific facts of an offense need not be applied to the general instructions and definitions in the court's charge; provided, that following the instructions and definitions the court includes a charge which applies the law to the facts of the offense and instructs the jury under what circumstances

to convict or acquit." *Turpin v. State,* 606 S.W.2d 907 (Tex.Cr.App.1980).

Viewing the charge as a whole, it is clear that the abstract statements of law of which appellant complains were not applied to the facts constituting the offense for which appellant was convicted. In fact, in its fifth paragraph of instruction, in which the law was applied to the facts of this case, the court correctly charged the jury as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about April 23, 1980, in Cameron County, Texas, the Defendant, Gilberto Reza, did, with intent to kill Miguel Cisneros, intentionally or knowingly attempt to kill the said Miguel Cisneros by shooting him with a firearm and you further find beyond a reasonable doubt that the said attempt amounted to more than mere preparation and tended but failed to effect the commission of the offense of murder, *all as set out in the indictment,* then you will find the Defendant guilty of an attempt to commit murder.

Unless you *so find* beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant. (emphasis added)

■ The fifth paragraph of instruction carefully tracked the indictment and properly (1) submitted the law as to the whole case, (2) applied the law to the specific alleged facts of this offense, and (3) instructed the jury under what circumstances it might convict or acquit the appellant. Any error in other portions of the charge was thus cured.

Appellant also argues that fundamental error occurred in the charge to the jury because, ". . . by including specific term firearm under the general term deadly weapon and thus conveying to the jury the impression that a firearm is a deadly weapon, then defining deadly weapon as it did, the Court in effect was again authorizing the jury to convict upon a theory not alleged in the Indictment" (sic). The charge stated:

A "deadly weapon" means:

(a) a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or

(b) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

■ When the State pleaded that the offense was committed with a "firearm" rather than with a "deadly weapon," it was pleading more specifically than it was required to do, which is not of itself error. *Nelson v. State,* 573 S.W.2d 9 (Tex.Cr.App. 1978).

In the case of *Stewart v. State,* 532 S.W.2d 349 (Tex.Cr.App.1976), the trial court also charged the jury on the full statutory definition of a "deadly weapon." The defendant claimed that there was no evidence showing that the gun allegedly used was in fact a deadly weapon. The Court of Criminal Appeals overruled the defendant's argument and stated that "[a] firearm is by definition a deadly weapon."

■ In the case before us, the jury was required to find from the evidence beyond a reasonable doubt that, inter alia, appellant shot the victim with a firearm, in order to convict him for attempted murder. It was not error for the court to instruct the jury that a firearm was a deadly weapon.

We hold that the charge correctly stated and applied the law under which appellant was prosecuted, and his ground of error is consequently overruled.

The judgment of the trial court is AFFIRMED.