**Norris BRITTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64198.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 13, 1983.

D. Brooks Cofer, Jr., Bryan, for appellant.

Travis W. Bryan, III, Dist. Atty., W.W. Torrey and Jim James, Asst. Dist. Attys., Bryan, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

OPINION

TEAGUE, Judge.

This is an appeal from a conviction for committing the offense of burglary of a habitation, see V.T.C.A. Penal Code, Sec. 30.02. A jury found appellant guilty of the offense and thereafter assessed his punish-

---

ment, enhanced by a prior felony conviction, at 75 years' confinement in the penitentiary.

At the outset, we find ourselves confronted with a fundamentally defective jury charge, which error causes us to reverse the conviction in the interest of justice.[1]

The indictment in this cause, omitting the formal introductory and concluding parts, alleges that the appellant did:

> ... *intentionally and knowingly* and without the effective consent of ROBERT CARLTON POWELL, *enter a building* owned by the said ROBERT CARLTON POWELL *and* did then and there commit theft, to wit: *did then and there appropriate property* from ROBERT CARLTON POWELL, the owner thereof, *and with intent to deprive ROBERT CARLTON POWELL of said property,* and that said building was then and there a habitation occupied by the said ROBERT CARLTON POWELL ... (Emphasis added).

In applying the law of the offense to the facts adduced, the trial court in its final charge to the jury instructed the jury as follows:

> Now if you find from the evidence beyond a reasonable doubt that in Brazos County, Texas on or about the 11th day of January, 1979, the Defendant, Norris Britton, did enter a building then and there occupied, controlled and in the possession of Robert Carlton Powell, hereinafter called owner, without the effective consent of said owner, and that such building was then and there an enclosed structure intended for use or occupation as a habitation and then and there in actual use by said owner as a habitation, as that term has been defined, and that the defendant did then and there commit

the offense of theft, as hereinbefore defined, of corporeal personal property therein being owned by Robert Carlton Powell, then you will find the Defendant guilty as charged.[2]

It is well established that a jury charge is fundamentally defective if it authorizes conviction on a theory not supported by the indictment. It is also axiomatic that where an indictment or information properly alleges a culpable mental state, but the jury charge omits such element of the offense, failure to include in the charge all essential elements of the offense constitutes fundamental error. *Doyle v. State,* 631 S.W.2d 732, 737–738 (Tex.Cr.App.1982) (On State's Motion for Rehearing).

The charge in this instance, in the application paragraph, omitted both of the culpable mental states that were stated in the indictment. It is therefore fundamentally defective.

The judgment is reversed and the cause remanded.

McCORMICK, Judge, dissenting.

In reversing appellant's conviction, the majority has once again hidden behind the magical phrase "fundamentally defective" without fully considering the specifics of this case. The majority has completely ignored Article 36.19, V.A.C.C.P., which provides that when there is error in the jury charge and appellant has not objected to that error, "... the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial...." The record shows that, although appellant objected to the jury charge, his objection contained no mention of the omission of the

---

1. See Art. 40.09, Sec. 13, V.A.C.C.P., prior to its amendment by the past regular session of the Legislature. Appellant's cause was filed in this Court on March 14, 1980, and submitted on February 12, 1981. Thus, the amendment is not applicable to this appeal.

2. If one makes a comparison between the indictment and the application paragraph of the

charge, it is easily seen that nowhere in the application paragraph is a culpable mental state mentioned, nor is there a reference therein to a mental state. This, of course, is contrary to the allegations of the indictment, which contains two culpable mental states *and* a mental state.

culpable mental state in the paragraph applying the law to the facts. I believe the appellant was not injured by the wording of the jury charge in that the jury charge when taken as a whole properly instructed the jury not to convict appellant unless they found he acted with the requisite intent. The jury charge, in pertinent part, reads as follows:

1.

"Our law provides that a person commits an offense if, without the effective consent of the owner, he *intentionally enters* a habitation and commits theft of corporeal personal property therein.

" * * *

3.

"In this case, the indictment *having charged that the defendant intentionally entered* the building in question and committed the offense of theft of personal property therein, you are instructed on the law of theft as follows:

" 'Theft,' as used herein, is the unlawful appropriation of the corporeal personal property of another *with the intent to deprive such other person of said property.*

" 'Appropriation' and 'appropriate,' as those terms are used herein, mean to acquire or otherwise exercise control over property other than real property. Appropriation of property is unlawful if it is without the owner's consent.

" 'Property' means tangible or intangible personal property or documents, including money, that represents or embodies anything of value.

" 'Deprive' means to withhold property from the owner permanently.

" 'Effective consent' means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by force, threats, or fraud.

" 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the person charged. 'Possession' means actual care, custody, control, or management of the property.

4.

"A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

5.

"Now if you find from the evidence beyond a reasonable doubt that in Brazos County, Texas on or about the 11th day of January, 1979, the Defendant, Norris Britton, did enter a building then and there occupied, controlled and in the possession of Robert Carlton Powell, hereinafter called owner, without the effective consent of said owner, and that such building was then and there an enclosed structure intended for use or occupation as a habitation and then and there in actual use by said owner as a habitation, as that term has been defined, and that the defendant did then and there commit the offense of *theft, as hereinbefore defined,* of corporeal personal property therein being and owned by Robert Carlton Powell, then you will find the Defendant *guilty as charged.*

"Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

" * * *

"In all criminal cases, the burden of proof is on the State. All persons are presumed to be innocent and *no person may be convicted unless each element of the offense is proved beyond a reasonable doubt.* The fact that a defendant has been arrested, confined, or indicted for, or otherwise charged with, an offense gives rise to no inference of guilt at his trial. *'Element of an offense' means (a) the forbidden conduct; (b) the required culpability; and (c) the required result (if any).* 'Conduct' means an act or omission

and its accompanying mental state. *'Required culpability' means the mental state required by law such as intent, knowledge, recklessness or criminal negligence. Now bearing in mind the foregoing instructions and definitions, if you find the State has failed to prove each element of the offense beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'Not Guilty.'"* (Emphasis added)

The jury charge should be viewed as a whole and review should not be limited to parts of the charge standing alone. *Daniel v. State,* 486 S.W.2d 944 (Tex.Cr.App.1972). See also *Thomas v. State,* 599 S.W.2d 812 (Tex.Cr.App.1980); *Pittman v. State,* 554 S.W.2d 190 (Tex.Cr.App.1977); *Smith v. State,* 541 S.W.2d 831 (Tex.Cr.App.1976); *Mathis v. State,* 504 S.W.2d 448 (Tex.Cr.App.1974); *Cain v. State,* 154 Tex.Cr.R. 284, 226 S.W.2d 640 (Tex.Cr.App.1950). This Court, in *Jackson v. State,* 591 S.W.2d 820 (Tex.Cr.App.1980), held that, where the application paragraph of the jury charge omitted the aggravating factor of rape, any error was cured by other portions of the charge. Judge Tom Davis, in writing for the majority on original submission, said:

"In the present case, the charge erroneously instructed the jury to find the appellant guilty of aggravated rape without first finding that he threatened death or serious bodily injury. In the next paragraph, however, the charge directed the jury to acquit the appellant of aggravated rape if it did not find that he threatened death or serious bodily injury.

"When the charge is read in its entirety, it does not authorize a finding of guilty for aggravated rape unless the jury also finds that the appellant threatened death or serious bodily injury. Thus, the charge is not fundamentally defective." 591 S.W.2d 820, at 823, 824.

The same situation is presented in the case at bar. The instruction given to the jury defining the "elements of the offense" and telling them that "if you find the State has failed to prove each element of the offense beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'Not Guilty'" cures any error in the application paragraph. It is clear the jury had to find the requisite culpable mental state before they could convict the appellant. The jury charge as a whole adequately submitted the law to the jury.

In *Rivas v. State,* 496 S.W.2d 600 (Tex.Cr.App.1973), Rivas argued his murder conviction was reversible in that the court omitted the word "voluntarily" in its charge in the application of the law. This Court found that any error in the application in the charge was cured by the prior instruction to the jury that "an intent to kill is an essential element of murder", and thus they could not convict unless they found that Rivas had an intent to kill. *Rivas v. State,* at 601, 602. See also, *Smith v. State,* 502 S.W.2d 133 (Tex.Cr.App.1973); *McCary v. State,* 477 S.W.2d 624 (Tex.Cr.App.1972).

I fail to see how the rights of appellant were injured or how he was denied a fair and impartial trial when the jury charge clearly instructed the jury they could not convict appellant without finding that he acted with the required culpable mental state, that is, with the intent to deprive the owner of his property.

This Court, rather than running up the red flag of "fundamentally defective" should thoroughly examine the charge as a whole and determine if the appellant has in fact been injured. When, as in this case, no harm has arisen to appellant, the conviction should be affirmed.

For the above reasons, I dissent.