James Xavier MILTON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–83–702CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 1985.

Mollie Childs, Houston, for appellant.
Don Clemmer, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

MURPHY, Justice.

James Milton, appellant, was found guilty of aggravated assault and punishment was assessed by the jury at seven years confinement. Appellant complains on appeal of alleged errors in the jury charge and of a prior conviction improperly being considered during the punishment phase. Additionally, appellant contends the trial court erroneously limited his cross-examination of a witness for the state. We find no error and affirm.

Appellant and the deceased, Audrey Hunt, lived together at 8305½ Corinth, in Houston, as husband and wife for a period of approximately one year, beginning June of 1982. On the morning of May 1, 1983, appellant left home to go to work. He finished work early that day and upon returning home, discovered Ms. Hunt with another man, identified only as Michael. Appellant attacked Michael and threw him out of the house. He then started a violent argument with Ms. Hunt. Appellant beat Ms. Hunt repeatedly in the face and about her body, continuing his assault even after she had collapsed on the floor.

As a result of the beating, Ms. Hunt was severely ill and unable to walk the next day. She was taken to the hospital that day, where the attending physician diagnosed an acute abdomen, which is the medi-

cal terminology used to describe severe abdominal pain or distress. An operation was immediately performed. The surgeon discovered severe damage to the intestinal organs, caused by a blunt trauma. She was never able to regain her health and died on June 15, 1983.

Expert testimony at trial established that the deceased died as a result of complications arising from injuries sustained to her abdominal area. Evidence was offered establishing numerous past illnesses suffered by her, but the expert unequivocally stated that they were unrelated to the cause of death.

■■■ In his first ground of error, appellant claims the trial court failed to submit the offense of aggravated assault in the jury charge by omitting the word "serious" from the phrase "bodily injury" in the application paragraph. Appellant failed to raise this objection at trial, therefore to warrant reversal, this omission must constitute fundamental error. *Jackson v. State,* 591 S.W.2d 820 (Tex.Crim.App.1979); *Tisdell v. State,* 626 S.W.2d 130 (Tex.App. —Houston [14th Dist.] 1981, no pet.) Additionally, we may appropriately consider the charge as a whole to determine whether it contains fundamental error calculated to deprive the appellant of a fair trial. *Robinson v. State,* 596 S.W.2d 130 (Tex.Crim. App.1980); *Jackson,* 591 S.W.2d at 825.

■■ Citing no authority, appellant contends the charge is fundamentally defective because it authorized conviction on a finding of less than all the requisite elements of aggravated assault, specifically *serious bodily injury.* We disagree. A review of the entire charge reveals the trial court so worded the application paragraph that the jury was required to find death had occurred in order to find appellant guilty of aggravated assault. The court, in a previous paragraph, defined serious bodily injury as a bodily injury that created a substantial risk of death or that causes death, serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ. Accordingly, the jury necessarily found the

element of serious bodily injury existed. Ground of error one is overruled.

■■■ Appellant next urges that the trial court erred in charging the jury on the offenses of murder and aggravated assault, because the state introduced some evidence of sudden passion. Once again, appellant fails to direct the court's attention to any authority which supports his proposition. Additionally, appellant did not raise this objection at trial and has therefore waived any error. *Parker v. State,* 649 S.W.2d 46 (Tex.Crim.App.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983). However, even if appellant had not waived the error, the fact that appellant's confession, as offered by the state, raised the issue of sudden passion in no way bound the jury to find such a fact as true. The credibility of the witnesses and the weight to be given their testimony, as well as the resolution of conflicts in the testimony and other evidence, are within the exclusive province of the jury. *Penagraph v. State,* 623 S.W.2d 341 (Tex.Crim.App.1981). The trial court was free to charge the jury on murder and aggravated assault. *See Burks v. State,* 510 S.W.2d 321 (Tex.Crim.App.1974). Ground of error number two is overruled.

■■■ Appellant contends in his third ground of error that the trial court improperly submitted a copy of a judgment of a prior conviction. However, this ground does not comport with the objection raised at trial and thus presents nothing for review. *Rovinsky v. State,* 605 S.W.2d 578 (Tex.Crim.App.1980). Further, appellant acknowledged this conviction when he testified in his own behalf, therefore no harm has been demonstrated. Ground of error three is overruled.

■■■ In his final ground of error, appellant claims the trial court erroneously limited his cross-examination of the medical examiner. Defense counsel questioned the medical examiner concerning the deceased's prior medical history and hospital admissions. The doctor stated that these past health problems bore none of the re-

sponsibility for complainant's death. However, counsel continued his inquiry into this area, at which point the trial court sustained an objection by the state and refused to permit such further questioning. In light of the medical examiner's testimony, coupled with the testimony of two other attending physicians confirming the absence of relevancy of the deceased's prior medical history to her death, appellant has failed to demonstrate the materiality of the attempted cross-examination. *See Hicks v. State,* 482 S.W.2d 186 (Tex.Crim.App.1972); *Stewart v. State,* 640 S.W.2d 643 (Tex.App. —Houston [14th Dist.] 1982, no pet.). No harm or error is shown and ground of error number four is overruled.

The judgment of the trial court is affirmed.