**Jimmy Reaf HOLLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 938–86.

Court of Criminal Appeals of Texas, En Banc.

Feb. 22, 1989.

V.G. Kolius, Amarillo, for appellant.

Gene Compton, Dist. Atty. & Roy Carper, Asst. Dist. Atty., Borger, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

CAMPBELL, Judge.

Appellant was convicted, after a jury trial, of murdering his infant daughter by scalding her with hot water. V.T.C.A. Penal Code, § 19.02(a)(2) and (3). The jury assessed punishment at 99 years confinement in the Texas Department of corrections and a fine of $10,000. In a published opinion, the Amarillo Court of Appeals reversed appellant's conviction, finding that the jury charge authorized the jury to convict appellant of murder if it found that appellant had caused his daughter's death during the course of committing a misdemeanor, injury to a child. *Holley v. State,* 713 S.W.2d 381 (Tex.App.—Amarillo 1986). We granted the State's petition for discretionary review to determine whether the Court of Appeals correctly held that the jury charge misstated the law concerning felony injury to a child; and whether the Court of Appeals correctly found that the charge did not "sufficiently limit the jury to a finding of an underlying felony injury to a child to support a finding of guilty of murder under the felony-murder statute."[1] We will reverse the Court of Appeals.

---

1. The State cites the Court of Appeals' misconstruction of the jury charge as a reason for review. Tex.R.App.Pro. 200(c) contains no provision which nearly approximates the State's argued reason for review. Although Tex.R.App. Pro. 200 is not jurisdictional, it provides important guidance concerning the types of issues that this Court will entertain on discretionary review. In this case, a misconstruction of the trial court's charge would not seriously impact the jurisprudence of this state. We also reject the State's other reason for review, that the Court of Appeals misconstrued V.T.C.A. Penal Code, § 22.04, the injury to a child provision.

The indictment [2] alleged, in relevant part, that appellant "intentionally and knowingly engage[d] in conduct that caused serious bodily injury to Brandi Nicole Holley, a child younger than fifteen years of age, by ... scalding the said Brandi Nicole Holley with hot liquid." The portions of the jury instructions which are relevant to these grounds for review provide:

## II.

Our law provides that it is a felony to intentionally or knowingly or recklessly cause serious bodily injury to a child younger than fifteen years of age.

\*　　\*　　\*　　\*　　\*　　\*

## IV.

now if you find from the evidence beyond a reasonable doubt that on or about the 19th day of August, 1983, in Hutchinson County, Texas, the defendant, JIMMY REAF HOLLEY, did intend to cause serious bodily injury to BRANDI NICOLE HOLLEY by committing an act clearly dangerous to human life, to-wit: scalding BRANDI NICOLE HOLLEY with hot liquid, and did thereby cause the death of BRANDI NICOLE HOLLEY, as alleged in the indictment;

## OR

if you find from the evidence beyond a reasonable doubt that on or about the 19th day of August, 1983, in Hutchinson County, Texas, the defendant, JIMMY REAF HOLLEY, intentionally or knowingly or recklessly committed or attempted to commit a felony, to-wit: injury to a child, BRANDI NICOLE HOLLEY, and in the course of and furtherance of the commission or attempt, JIMMY REAF HOLLEY intentionally or knowingly or recklessly committed or attempted to commit an act clearly dangerous to human life that caused the death of BRANDI NICOLE HOLLEY, to-wit: scalded BRANDI NICOLE HOLLEY with hot liquid, you will find the defendant, JIMMY REAF HOLLEY, guilty of murder.

If you do not so find, or if you have a reasonable doubt, you will acquit the defendant of murder.

Appellant did not object to this instruction at trial.

The Court of Appeals began by noting that V.T.C.A. Penal Code, § 19.02(a)(3) applies only to deaths which occur during the course of committing a felony. Because the jury instructions allowed the jury to convict appellant for murder under section 19.02(a)(3) if it found that appellant "committed or attempted to commit a felony, to-wit: injury to a child ..." which caused the death of the complainant, that Court reasoned that the charge impermissibly authorized conviction predicated on misdemeanor injury to a child. In its petition for discretionary review, the State argues that the abstract, definitional portion of the charge correctly stated the elements of felony injury to a child and that the application paragraph effectively incorporated that definition. Appellant responds that the application paragraph, by failing to require a finding of serious bodily injury and allowing conviction upon a finding that the conduct was committed recklessly, authorized conviction under the felony murder rule for a death resulting during the course of the commission of a misdemeanor. This is the identical argument relied upon by the Court of Appeals.

---

While this reason for review comports with Tex. R.App.Pro. 200(c)(4), we do not feel that the Court of Appeals' error arose from misconstruction of section 22.04. Instead, the Court of Appeals erred in its application of *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979). Tex. R.App.Pro. 200(c)(3). We feel that this error, especially because it is a published opinion, is an important error of state law. It is for this reason that we granted review.

**2.** Appellant was charged in a three-count indictment. What is labeled as the first count alleged two separate theories of murder under V.T.C.A. Penal Code, § 19.02(a)(2) & (3). The third count, labeled as "count two" on the indictment alleged injury to a child. V.T.C.A. Penal Code, § 22.04(a)(1). The charge to the jury omitted the injury-to-a-child count from the indictment, instructing the jury only on the two theories of murder. The record does not reflect whether the injury to a child count was abandoned by the State or was dropped from this prosecution for some other reason.

In considering alleged charging error, this Court will consider the charge as a whole rather than as a series of isolated statements. E.g., *Selvage v. State*, 680 S.W.2d 17, 22 (Tex.Cr.App.1984); *Jackson v. State*, 591 S.W.2d 820, 824–25 (Tex.Cr.App.1979). As noted above, the definitional portion of the jury instructions stated that "Our law provides that it is a felony to intentionally or knowingly or recklessly cause serious bodily injury to a child younger than fifteen years of age." Thus, the question we are presented is whether the portion of the charge quoted in this paragraph was sufficient, when read in conjunction with the charge's application paragraph, to require that the jury find that appellant inflicted serious bodily injury to his daughter before convicting him of murder.

In *Turpin v. State*, 606 S.W.2d 907 (Tex.Cr.App.1980), the defendant was convicted of driving while intoxicated. He argued, on appeal, that the trial court's instructions to the jury were erroneous because they failed to apply the statutory presumption of intoxication based on a .10% blood alcohol content to the facts of the case.[3] We held that:

> The specific facts of an offense need not be applied to the general instructions and definitions in the court's charge; provided, that following the instructions and definitions, the court includes a charge which applies the law to the facts of the offense and instructs the jury under what circumstances to convict or acquit.

*Turpin*, supra at 910. In affirming the defendant's conviction, we found that the instruction concerning the presumption of intoxication sufficiently identified the element of the offense to which it applied. *Id.* at 911. The abstract instruction clearly indicated that it was to be applied to the intoxication element of the offense. Because the intoxication element of the offense was applied to the facts, the jury was able to incorporate the abstract portion of the charge into the application paragraph.

The instant case is distinguishable from *Turpin*, but the common features of the two cases are more significant than their differences. First, *Turpin* involved an abstract statement of a statutory presumption rather than an essential component of one of the offense's elements. Second, the *Turpin* instruction expressly indicated that it applied to the intoxication element of the offense. Here, the abstract statement which sets out the elements of felony injury to a child does not, on its face, indicate that it is to be applied to the "during the commission of a felony" element of murder under V.T.C.A. Penal Code, § 19.02(a)(3). The salient factor in *Turpin* is the manner in which the application paragraph was able to tacitly incorporate an abstract proposition of law which was stated earlier in the charge. Here, we have the same thing occurring.

In the instant case, the jury was clearly informed that, if they were to convict under the charge's second theory of murder, they must first find that appellant "intentionally or knowingly or recklessly committed or attempted to commit a felony, to-wit: injury to a child." Further, the charge unambiguously informed the jury that "Our law provides that it is a felony to intentionally or knowingly or recklessly cause serious bodily injury to a child younger than fifteen years of age." Thus, the application paragraph properly informed the jury under what circumstances they could convict. One of those essential circumstances, commission of "a felony, to-wit: injury to a child," was completely explained to the jury in paragraph II. These instructions provided the jury with a complete map which directed through each step necessary to convict.[4] See *Rose v. State*,

---

3. This presumption was pursuant to former Art. 6701l–5 § 3(a) V.A.Civ.S. This provision has since been repealed and was replaced by the current Art. 6701l–1(a)(2)(B) V.A.Civ.S., which makes it an offense to drive an automobile while one's blood alcohol concentration is .10% or greater.

4. In the following cases, the defendants argued that the jury instructions in their trial were faulty because some element of the defense was set out in a preliminary definitional section rather than in the application paragraph. Although these cases arise in a variety of settings, their holdings are consistent with our disposition in this case and may be helpful to the

752 S.W.2d 529, 554 (Tex.Cr.App.1987) (opinion on rehearing); *Cobarrubio v. State,* 675 S.W.2d 749, 752 (Tex.Cr.App. 1983). Therefore, we find no error.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

CLINTON, J., concurs in result.

reader. *Benson v. State,* 661 S.W.2d 708, 714 (Tex.Cr.App.1982) ("witness" element of retaliation prosecution: "The statutory elements of an offense must be set out either in the application paragraph *or in the definitional portion of the charge.*" [emphasis added] ); *Booker v. State,* 712 S.W.2d 853, 857 (Tex.App.—Houston [14th] 1986, pet. ref'd) (definition of "deadly weapon" as related to an affirmative finding: "In this case there was no objection to the alleged error in the charge. The court properly presented the charge to the jury as one related whole, not as disjointed pieces. It was neither a burden to the jury nor a disadvantage to the appellant for the court to define certain terms at the outset of the charge and then leave it to the jury to apply the definitions where appropriate."); *Milton v. State,* 686 S.W.2d 250, 252 (Tex.App.—Houston [14th] 1985, pet. ref'd) ("serious bodily injury" element of aggravated assault prosecution: "[A]ppellant contends the charge is fundamentally defective because it authorized conviction on a finding of less than all the requisite elements of aggravated assault, specifically *serious bodily injury.* We disagree. A review of the entire charge reveals the trial court so worded the application paragraph that the jury was required to find death had occurred in order to find appellant guilty of aggravated assault. The court, in a previous paragraph, defined serious bodily injury as bodily injury that created a substantial risk of death or that causes death, serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ. Accordingly, the jury necessarily found the element of serious bodily injury existed.").

The above cases should be distinguished from the lines of cases in which the elements of an offense are properly set out in the definitional portion of the charge and one or more elements are ommitted from the application paragraph: e.g., *Schmidt v. State,* 641 S.W.2d 244 (Tex.Cr. App.1982); *Evans v. State,* 606 S.W.2d 880 (Tex. Cr.App.1980); and those cases which fail to apply the law of parties to the facts of the case: e.g., *Black v. State* 723 S.W.2d 674 (Tex.Cr.App. 1986); *Brown v. State,* 716 S.W.2d 939 (Tex.Cr. App.1986); *Govan v. State,* 682 S.W.2d 567 (Tex. Cr.App.1985).