# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00538-CR

**Jimmie Ray Tullos Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
## NO. D-1-DC-09-200470, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jimmie Ray Tullos, Jr. of the offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West Supp. 2009). The jury heard evidence that in the early morning hours of January 25, 2009, in downtown Austin, Tullos got into a physical altercation with Nathan Lipson and Donald Schmit. During the altercation, witnesses testified, Tullos exhibited a knife. Tullos's theory at trial was that he had acted in self-defense during the altercation to prevent Schmit from robbing him, and he presented evidence to that effect. Accordingly, the district court instructed the jury on the law of self-defense, but the jury nevertheless found Tullos guilty as charged. Punishment was assessed at 25 years' imprisonment. This appeal followed. In a single issue on appeal, Tullos asserts that the district court erred in not providing an additional instruction related to self-defense that trial counsel did not request and that is being argued for the first time on appeal. We will affirm the judgment.

## STANDARD OF REVIEW

We review claims of jury charge error under the two-pronged test set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *Swearingen v. State*, 270 S.W.3d 804, 808 (Tex. App.—Austin 2008, pet. ref'd). We first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Swearingen*, 270 S.W.3d at 808. If error exists, we then evaluate the harm caused by the error. *Ngo*, 175 S.W.3d at 743; *Swearingen*, 270 S.W.3d at 808. The degree of harm required for reversal depends on whether that error was preserved in the trial court. When error is preserved in the trial court by timely objection, the record must show only "some harm." *Almanza*, 686 S.W.2d at 171; *Swearingen*, 270 S.W.3d at 808. By contrast, unobjected-to charge error requires reversal only if it resulted in "egregious harm." *See Neal v. State*, 256 S.W.3d 264, 278 (Tex. Crim. App. 2008).

## ANALYSIS

In his sole issue on appeal, Tullos complains about the district court's charge regarding the law of self-defense. In relevant part, the court's charge provided:

V.

Upon the law of self defense you are instructed that a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force.

. . . .

2

A person is justified in using deadly force against another:

> (1) if the person would be justified in using force against the other; and

> (2) when and to the degree the person reasonably believes the deadly force is immediately necessary to prevent the other's imminent commission of robbery.

. . . .

A "presumption" is a conclusion the law requires you to reach if certain other facts exist.

The defendant's belief that the deadly force was immediately necessary is presumed to be reasonable if the defendant:

> (1) knew or had reason to believe that the person against whom the deadly force was used was committing or attempting to commit robbery;

> (2) the defendant did not provoke the person against whom the force was used;

> (3) the defendant was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used.

. . . .

"Reasonable belief" means a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant.

The presumption of reasonable belief applies unless the State proves beyond a reasonable doubt that the facts giving rise to the presumption do not exist.

If the State fails to prove beyond a reasonable doubt that the facts giving rise to the presumption of reasonable belief do not exist, the jury must find that the presumed facts exist.

Even though the jury may find the presumed fact does not exist, the state must prove beyond a reasonable doubt each of the elements of the offense charged.

> If the jury has a reasonable doubt as to whether the presumed facts exist, the presumption applies and the jury must consider the presumed fact to exist.

> VI.

> Now bearing in mind all instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, Jimmie Ray Tullos, Jr. . . . did then and there intentionally or knowingly threaten Donald Schmit with imminent bodily injury and did then and there use or exhibit a deadly weapon, to-wit: a utility knife, during the commission of said assault; but you further find from the evidence, or have a reasonable doubt thereof, that the defendant reasonably believed, or is presumed to have reasonably believed as viewed from his standpoint alone, that deadly force when and to the degree used, if it was, was immediately necessary to prevent the imminent commission by the said Donald Schmit of robbery, you will acquit the defendant and say by your verdict not guilty.

On appeal, Tullos does not contend that the above instructions were improper. Rather, he claims that the district court should have included an additional instruction that the defendant is entitled to an acquittal when either the State fails to prove beyond a reasonable doubt that the presumed fact does not exist or the jury has a reasonable doubt whether the presumed fact exists. In Tullos's view, not including such an additional instruction "creates not only jury confusion but most importantly the very real possibility that a defendant will be convicted of a crime in which a presumed fact justifying the defendant's conduct exists."

The trial court is required to deliver to the jury "a written charge distinctly setting forth the law applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007). That is what the district court did here. Tracking the relevant provisions in the penal code, the definitional portion of the charge properly instructed the jury on the law of self-defense, *see* Tex. Penal Code Ann. § 9.31 (West Supp. 2009), the law of deadly force, *see id*. § 9.32 (West Supp. 2009), and the law regarding presumptions, *see id*. § 2.05 (West Supp. 2009), including the State's burden to prove

4

beyond a reasonable doubt that facts giving rise to the presumption do not exist. The application portion of the charge then properly instructed the jury regarding the circumstances under which the jury must acquit Tullos. We are aware of no authority, statutory or otherwise, that requires the trial court to submit the type of additional instruction now requested by Tullos, nor does Tullos cite to any such authority in his brief. We find no error in the district court's charge. *See Holley v. State*, 766 S.W.2d 254, 256 (Tex. Crim. App. 1989) (finding no error in jury charge when instructions "provided the jury with a complete map which directed [it] through each step necessary to convict"); *Daniel v. State*, 486 S.W.2d 944, 947 (Tex. Crim. App. 1972) (in reviewing jury charge for alleged error, in this case complaint that charge as worded was confusing, "[t]he charge should be viewed as a whole, and review should not be limited to parts of the charge standing alone").

We also observe that Tullos did not object during trial to the absence of the instruction he now requests for the first time on appeal. Thus, even if the omission of the additional instruction was erroneous, Tullos would not be entitled to reversal unless the harm from that omission was egregious. On this record, we could not conclude that it was. Again, the jury was properly instructed regarding what circumstances under which it must acquit Tullos, and there is no indication in the record that the jury was confused by the court's instructions or that Tullos was convicted of a crime in which a presumed fact justifying Tullos's conduct exists.

We overrule Tullos's sole issue on appeal.

5

**CONCLUSION**

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   July 22, 2010

Do Not Publish