TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00538-CR






Jimmie Ray Tullos Jr., Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. D-1-DC-09-200470, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 A jury convicted appellant Jimmie Ray Tullos, Jr. of the offense of aggravated assault
with a deadly weapon. See Tex. Penal Code Ann. § 22.02(a)(2) (West Supp. 2009). The jury heard
evidence that in the early morning hours of January 25, 2009, in downtown Austin, Tullos got into
a physical altercation with Nathan Lipson and Donald Schmit. During the altercation, witnesses
testified, Tullos exhibited a knife. Tullos's theory at trial was that he had acted in self-defense
during the altercation to prevent Schmit from robbing him, and he presented evidence to that effect.
Accordingly, the district court instructed the jury on the law of self-defense, but the jury nevertheless
found Tullos guilty as charged. Punishment was assessed at 25 years' imprisonment. This appeal
followed. In a single issue on appeal, Tullos asserts that the district court erred in not providing an
additional instruction related to self-defense that trial counsel did not request and that is being argued
for the first time on appeal. We will affirm the judgment.


STANDARD OF REVIEW

 We review claims of jury charge error under the two-pronged test set out in
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); Swearingen v. State,
270 S.W.3d 804, 808 (Tex. App.--Austin 2008, pet. ref'd). We first determine whether error exists.
Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); Swearingen, 270 S.W.3d at 808. If
error exists, we then evaluate the harm caused by the error. Ngo, 175 S.W.3d at 743; Swearingen,
270 S.W.3d at 808. The degree of harm required for reversal depends on whether that error was
preserved in the trial court. When error is preserved in the trial court by timely objection, the record
must show only "some harm." Almanza, 686 S.W.2d at 171; Swearingen, 270 S.W.3d at 808. By
contrast, unobjected-to charge error requires reversal only if it resulted in "egregious harm." See
Neal v. State, 256 S.W.3d 264, 278 (Tex. Crim. App. 2008).


ANALYSIS

 In his sole issue on appeal, Tullos complains about the district court's charge
regarding the law of self-defense. In relevant part, the court's charge provided:



V.


Upon the law of self defense you are instructed that a person is justified in using
force against another when and to the degree the actor reasonably believes the force
is immediately necessary to protect the actor against the other's use or attempted use
of unlawful force.


. . . .





A person is justified in using deadly force against another:


 (1) if the person would be justified in using force against the other; and


 (2) when and to the degree the person reasonably believes the deadly force is
immediately necessary to prevent the other's imminent commission of
robbery.


. . . .


A "presumption" is a conclusion the law requires you to reach if certain other facts 

exist.


The defendant's belief that the deadly force was immediately necessary is presumed
to be reasonable if the defendant:


 (1) knew or had reason to believe that the person against whom the deadly
force was used was committing or attempting to commit robbery;


 (2) the defendant did not provoke the person against whom the force was
used;


 (3) the defendant was not otherwise engaged in criminal activity, other than
a Class C misdemeanor that is a violation of a law or ordinance regulating
traffic at the time the force was used.


. . . .


"Reasonable belief" means a belief that would be held by an ordinary and prudent
person in the same circumstances as the defendant.


The presumption of reasonable belief applies unless the State proves beyond a
reasonable doubt that the facts giving rise to the presumption do not exist.


If the State fails to prove beyond a reasonable doubt that the facts giving rise to the
presumption of reasonable belief do not exist, the jury must find that the presumed
facts exist.


Even though the jury may find the presumed fact does not exist, the state must prove
beyond a reasonable doubt each of the elements of the offense charged.


If the jury has a reasonable doubt as to whether the presumed facts exist, the
presumption applies and the jury must consider the presumed fact to exist.


VI.


Now bearing in mind all instructions, if you believe from the evidence beyond a
reasonable doubt that the defendant, Jimmie Ray Tullos, Jr. . . . did then and there
intentionally or knowingly threaten Donald Schmit with imminent bodily injury
and did then and there use or exhibit a deadly weapon, to-wit: a utility knife, during
the commission of said assault; but you further find from the evidence, or have a
reasonable doubt thereof, that the defendant reasonably believed, or is presumed to
have reasonably believed as viewed from his standpoint alone, that deadly force when
and to the degree used, if it was, was immediately necessary to prevent the imminent
commission by the said Donald Schmit of robbery, you will acquit the defendant and
say by your verdict not guilty.



On appeal, Tullos does not contend that the above instructions were improper. Rather, he claims that
the district court should have included an additional instruction that the defendant is entitled to an
acquittal when either the State fails to prove beyond a reasonable doubt that the presumed fact does
not exist or the jury has a reasonable doubt whether the presumed fact exists. In Tullos's view, not
including such an additional instruction "creates not only jury confusion but most importantly the
very real possibility that a defendant will be convicted of a crime in which a presumed fact justifying
the defendant's conduct exists."

 The trial court is required to deliver to the jury "a written charge distinctly setting
forth the law applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007). That is
what the district court did here. Tracking the relevant provisions in the penal code, the definitional
portion of the charge properly instructed the jury on the law of self-defense, see Tex. Penal Code
Ann. § 9.31 (West Supp. 2009), the law of deadly force, see id. § 9.32 (West Supp. 2009), and the
law regarding presumptions, see id. § 2.05 (West Supp. 2009), including the State's burden to prove
beyond a reasonable doubt that facts giving rise to the presumption do not exist. The application
portion of the charge then properly instructed the jury regarding the circumstances under which
the jury must acquit Tullos. We are aware of no authority, statutory or otherwise, that requires the
trial court to submit the type of additional instruction now requested by Tullos, nor does Tullos cite
to any such authority in his brief. We find no error in the district court's charge. See Holley v. State,
766 S.W.2d 254, 256 (Tex. Crim. App. 1989) (finding no error in jury charge when instructions
"provided the jury with a complete map which directed [it] through each step necessary to convict");
Daniel v. State, 486 S.W.2d 944, 947 (Tex. Crim. App. 1972) (in reviewing jury charge for alleged
error, in this case complaint that charge as worded was confusing, "[t]he charge should be viewed
as a whole, and review should not be limited to parts of the charge standing alone").

 We also observe that Tullos did not object during trial to the absence of the
instruction he now requests for the first time on appeal. Thus, even if the omission of the additional
instruction was erroneous, Tullos would not be entitled to reversal unless the harm from that
omission was egregious. On this record, we could not conclude that it was. Again, the jury was
properly instructed regarding what circumstances under which it must acquit Tullos, and there is no
indication in the record that the jury was confused by the court's instructions or that Tullos was
convicted of a crime in which a presumed fact justifying Tullos's conduct exists.

 We overrule Tullos's sole issue on appeal.




CONCLUSION

 We affirm the judgment of the district court.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: July 22, 2010

Do Not Publish