COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



TIMOTHY EDWARD WHITINGTON, §

　　　　　　　Appellant, §

v. §

THE STATE OF TEXAS, §

　　　　　　　Appellee. §

§

No. 08-13-00102-CR

Appeal from the

432nd District Court

of Tarrant County, Texas

(TC#1284003R)

# **O P I N I O N**

Appellant Timothy Edward Whitington was convicted of continuous sexual abuse of a young child and sentenced to 50 years' confinement. *See* TEX.PENAL CODE ANN. § 21.02(b) (West Supp. 2014). On appeal, Appellant contends his conviction constitutes an *ex post facto* application of the continuous sexual abuse statute. In a related issue, he contends the jury charge erroneously permitted the jury to convict him based on conduct occurring before the effective date of the statute. Appellant also contends the jury charge erroneously enlarged the allegations in the indictment and failed to include all the elements of the predicate offenses. We conclude there was

no *ex post facto* violation and no reversible error in the jury charge. Accordingly, we affirm.[1]

## BACKGROUND

Appellant had a son, E. Appellant and E were often nude when they were together. Sometimes they used an internet video connection to chat with other nude men and their nude sons. Sometimes they visited other men, some of who had sons, and the visits included nudity.

Appellant became the focus of a federal investigation after a tip from INTERPOL to U.S. authorities. Federal agents obtained a warrant to search Appellant's apartment. At one point during the search, Appellant told the agents, "You're here for the bad stuff," and directed the agents to a password-protected USB computer storage device and provided the password.

When the agents showed Appellant an excerpt of chats between his email account and a man in the United Kingdom, Appellant admitted the chats were his and that he had sent nude photos of E to the man. The chats describe Appellant and the other man's sexual attraction to their children. In them, Appellant shares that he and E masturbate each other, but that E is unwilling to do more. The two men discuss having the other man's son perform sexual acts on him during their video chats, with E watching, so that E will become comfortable with the idea. Appellant expresses his intent to engage in anal sex with E when E is older and more receptive to it.

Appellant revealed to the agents that before they arrived that day, he and E had been chatting over the internet-video connection with another man and his three sons who lived in Michigan. He said everyone involved was nude and that he and the Michigan man discussed their sexual interest in children. Photos were taken, including a close-up of E's genitals.

---

[1] This case was transferred from the Second Court of Appeals in Fort Worth pursuant to a docket equalization order. We therefore decide this case in accordance with the precedent of that Court to the extent required by TEX.R.APP.P. 41.3.

Appellant admitted to the agents that he had touched E inappropriately. Appellant said that E had been masturbating him since E turned nine years old in August 2008. Appellant described an incident in November 2009 in which he stroked E's erect penis while they were in bed nude together, and an incident in October 2010 when he and E touched each other's penises. Appellant reported he had ejaculated. He said his last sexual contact with E was December 26, 2010, the day before the search.

After Appellant was arrested by federal officers, he agreed to a videotaped interview with a Euless police detective. That video interview was admitted into evidence and played to the jury. Appellant admitted to the detective that the close-up photo of E's genitals had been taken during the video chat with the Michigan man and his children. Appellant described incidents in which he masturbated in front of E, in which E touched his penis and helped him masturbate, and in which he helped E masturbate, including two specific incidents in August and November 2010.

E was interviewed by a forensic interviewer. A videotape of that interview was admitted into evidence by agreement and played to the jury. In it, E describes video chatting while nude with other men and boys, having his photo taken while he was nude, and visiting other men and being nude with them. E told the interviewer that Appellant took pictures of him without clothes and of his privates. He said that Appellant had touched E's penis with his hand more than one time. The first time, he was young and had not started school, and Appellant was just teaching him how to clean himself. The other times he remembered were in the fourth grade, in the fifth grade, during the summer before the sixth grade, and in the sixth grade the day before Appellant was arrested. E also told the interviewer that he had touched Appellant's penis. He said that it happened when he was little and did not know what he was doing, and again when he was ten and

3

eleven years old – once or twice in the fifth grade and once in the sixth grade.[2] The jury convicted Appellant of continuous sexual abuse of a child. At punishment, the jury heard that Appellant had pleaded guilty in federal court to producing child pornography and had been sentenced to 192 months in the federal penitentiary. The jury assessed Appellant's punishment at 50 years in prison. Appellant's 50-year sentence was allowed to run concurrently with his federal sentence.

## DISCUSSION

### *Ex Post Facto* Violation

In his first issue, Appellant contends his conviction for continuous sexual abuse violates the *ex post facto* clauses in the Texas and United States Constitutions. He points out that the statute outlawing continuous sexual abuse of a child, TEX.PENAL CODE ANN. § 21.02, became effective September 1, 2007, and does not apply to acts of sexual abuse committed before that date. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 TEX. GEN. LAWS 1120, 1127, 1148. Appellant argues an *ex post facto* violation occurred because the jury heard evidence of conduct occurring before the effective date of the statute and was instructed in the jury charge in such a manner that it could have considered that conduct as part of the alleged offense.

Appellant's argument is misplaced. Both the federal and state constitutions prohibit the promulgation of an "ex post facto law." *See* U.S. CONST. art. I, § 10; TEX. CONST. art. I, § 16. This prohibition bars in part prosecution or conviction for behavior that did not constitute a criminal offense when it happened. *Rodriguez v. State*, 93 S.W.3d 60, 66-67 (Tex.Crim.App. 2002); *see also Collins v. Youngblood*, 497 U.S. 37, 42–44, 110 S.Ct. 2715, 111 L.Ed.2d 30

---

[2] E testified at trial, but was not questioned about the abuse because he stated he did not want to talk about it in front of the jury.

4

(1990). In both provisions, however, "the language is directed at the Legislature, not the courts." *Ortiz v. State*, 93 S.W.3d 79, 91 (Tex.Crim.App. 2002). "Indeed, the Supreme Court has indicated that an *ex post facto* problem does not arise from a trial court's erroneous retroactive application of a statute, but only if the statute itself has retroactive effect." *Id*. (citing *Johnson v. United States*, 529 U.S. 694, 701–02, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000)).

Consequently, in order to prevail on an *ex post facto* claim, Appellant was required to show that Section 21.02 itself operates retroactively, not that the trial court applied it retroactively. *Id*. For example, in *Oritz*, the appellant argued the *ex post facto* clause was violated because the trial judge had erroneously charged the jury with the amended definition of retaliation rather than the definition in effect as the time of the offense. *Id*. But, the Court of Criminal Appeals held there was no *ex post facto* violation because the appellant failed to show, or argue, the statute itself operated retroactively, but rather complained only about the trial court's erroneous retroactive application of the statute in the jury charge. *Id*. The Court of Criminal Appeals has recently reaffirmed its holding in *Ortiz*: "Only the legislature can violate either the federal or state *Ex Post Facto* Clause because – as we held in *Ortiz v. State* and now reaffirm – both are 'directed at the Legislature, not the courts.'" *Ex parte Heilman*, ___S.W.3d___, 2015 WL 1245933, at *3 (Tex.Crim.App. March 18, 2015).

Appellant's sole argument here is that an *ex post facto* violation occurred because the trial court erroneously charged the jury and thereby allowed the jury to consider conduct occurring before the effective date of the statute. As in *Ortiz*, Appellant has not shown, or even contended, that Section 21.02 itself operates retroactively, and our review of the statute confirms that it does not. Accordingly, we find no *ex post facto* violation, and overrule Issue One.

5

**Jury Charge Error**

Appellant raises three issues attacking the jury charge. In Issue Two, which is related to the *ex post facto* challenge, Appellant contends the trial court erroneously instructed the jury it could convict him based on conduct that occurred at any time prior to the return of the indictment, thereby allowing the jury to consider evidence of acts committed before the effective date of the continuous sexual abuse statute. In Issue Three, he contends the trial court erroneously enlarged the allegations in the indictment by broadly defining the predicate offense of sexual performance by a child to include conduct not alleged in the indictment. In Issue Four, Appellant contends the application paragraph erroneously failed to include elements of the predicate offenses of indecency with a child and sexual performance by a child. We conclude there is no reversible error in the jury charge.

*Standard of Review*

Appellate review of purported error in a jury charge involves a two-step process. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex.Crim.App. 2012). We first determine whether error occurred; if error did not occur, our analysis ends. *Hailey v. State*, 413 S.W.3d 457, 495 (Tex.App. – Fort Worth 2012, pet. ref'd). Second, if error occurred, we then evaluate whether sufficient harm resulted from the error to require reversal. *Kirsch*, 357 S.W.3d at 649; *Hailey*, 413 S.W.3d at 495.

The degree of harm required for reversal depends on whether the error was preserved. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex.Crim.App. 2015); *Kirsch,* 357 S.W.3d at 649. When error is preserved in the trial court, the record must show only "some harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985)(op. on reh'g). When error is not preserved, reversal is required only if there was "egregious harm," *i.e.*, the error was so egregious and created

6

such harm that the defendant was deprived of a fair and impartial trial. *See Villarreal*, 453 S.W.3d at 433.

*Consideration of Conduct Predating the Effective Date of the Statute*

In Issue Two, Appellant contends the jury charge erroneously permitted the jury to convict him based on acts he committed prior to September 1, 2007, the effective date of the continuous sexual abuse statute.

The application paragraph in the charge instructed the jury that in order to find Appellant guilty, it must find he committed two or more acts of sexual abuse between August 1, 2008 and December 26, 2010. The abstract portion of the charge, however, instructed the jury that conviction could be had upon proof that the offense was committed any time before the presentment of the indictment on May 31, 2012:

> You are further instructed that the State is not bound by the specific date on which the offense, if any, is alleged in the indictment to have been committed, but conviction may be had upon proof that the offense, if any, was committed any time prior to the presentment of the indictment … [which] was presented … May 31, 2012.

Appellant relies on *Martin v. State*, 335 S.W.3d 867 (Tex.App. – Austin 2011, pet. ref'd). In *Martin* the application paragraph authorized conviction only if the jury found the continuing sexual abuse occurred between October 1, 2007 and January 26, 2008. *Id*. at 873-74. The charge also instructed the jury, however, that the "[S]tate is not required to prove the exact dates alleged in the indictment but may prove the offenses, if any, to have been committed at any time prior to the presentment of the indictment." *Id*. at 873. The court recognized the longstanding rule in Texas that the State may prove an offense was committed on any date prior to the return of the indictment, but noted that in a continuous sexual abuse case, that rule conflicted with the

7

limitation making the statute inapplicable to acts of sexual abuse committed before September 1, 2007. *Id.* The court determined that aside from the application paragraph, "[t]he problem remains" that there was nothing in the charge requiring or otherwise directing the jurors not to convict the appellant based on findings of sexual abuse occurring before September 1, 2007. *Id.* at 874-75. The court concluded the charge thus presented the jury with a broader chronological perimeter than permitted by law. *Id.* at 875-76. Accordingly, the court held the charge was erroneous because the trial court failed to instruct the jurors on its own motion that they were not permitted to convict based on acts committed before September 1, 2007. *Id.* at 876.

Following *Martin*, the courts of appeals have uniformly determined that, even when the application paragraph limits conviction to the proper time period, the charge is erroneous unless the instruction on the nonbinding nature of the dates alleged in the indictment is somehow specifically limited to require the jurors to convict based only on acts of sexual abuse occurring on or after September 1, 2007. *See, e.g., Gomez v. State*, __S.W.3d__, 2015 WL 303095, at *5 (Tex.App. – Tyler Jan. 21, 2015, pet. filed); *Kuhn v. State*, 393 S.W.3d 519, 524 (Tex.App. – Austin 2013, pet. ref'd);[3] *cf. Struckman v. State*, No. 10-10-00427-CR, 2011 WL 4712236, at *2 (Tex.App. – Waco Oct. 5 2011, no pet.) (mem. op., not designated for publication) (distinguishing *Martin* because the chronological perimeter was limited by a subsequent instruction that the State had elected to proceed only on events occurring after September 1, 2007).

---

[3] *See also Flores v. State,* No. 13-12-00606-CR, 2014 WL 1514129, at *5 (Tex.App. – Corpus Christi-Edinburg April 17, 2014, pet. ref'd)(mem. op., not designated for publication); *Oliver v. State*, No. 10-12-00389-CR, 2014 WL 1016244, at **7-8 (Tex.App. – Waco March 13, 2014, no pet.) (mem. op., not designated for publication); *Cortez v. State*, No. 13-10-00616-CR, 2012 WL 3134244, at *3 (Tex.App. – Corpus Christi-Edinburg Aug. 2, 2012, no pet.)(mem. op., not designated for publication); *Saldana v. State*, No. 03-10-00371-CR, 2012 WL 3797611, at **2-3 (Tex.App. – Austin Aug. 31, 2012, pet. ref'd) (mem. op., not designated for publication)(holding that charge erroneous because it stated the jury could consider events occurring "on or about" September 1, 2007).

We likewise conclude that the jury charge in this case was erroneous in potentially allowing the jury to convict Appellant based on acts he committed prior to September 1, 2007. We also conclude, however, that the charge error was not egregiously harmful to Appellant. We apply the egregious harm standard because Appellant failed to preserve error. Although Appellant objected to the jury instruction regarding the nonbinding nature of the dates alleged in the indictment, he failed to preserve error because he did not object on the same ground he raises on appeal and because he failed to sufficiently inform the trial court of the basis of his objection.

The basic principle of error preservation is the complaining party must let the trial judge know what he wants and why he thinks he is entitled to it, and do so clearly enough for the judge to understand and at a time when the trial court is in a position to do something about it. *Chase v. State*, 448 S.W.3d 6, 11 (Tex.Crim.App. 2014); *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex.Crim.App. 2014); *see also* TEX.R.APP.P. 33.1 (to preserve error a timely objection must be made that states the grounds "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context"). While the courts "are not hyper-technical in examination of whether error was preserved," the point of error on appeal must comport with the objection made at trial. *Bekendam*, 441 S.W.3d at 300.

Appellant argues on appeal that the instruction permitted the jury to potentially convict him based on acts he committed before September 1, 2007. Appellant's objection at trial, however, focused on modifying the instruction to specifically identify the predicate offenses of indecency with a child and sexual performance by a child as "the offenses," and to emphasize that these offenses must occur during a period of time of 30 or more days in duration, as required by the statute. While Appellant's objection referred to the time period alleged in the indictment ("on or

9

about August 1st, 2008, through December 26th, 2010"), Appellant never asserted that the instruction as written would allow the jury to convict him based on conduct occurring before September 1, 2007. In fact at one point, counsel appears to state that the portion of the instruction allowing the State to prove the offenses by acts committed at any time prior to the presentment of the indictment should remain in the charge. In sum, Appellant's objection at trial did not raise the ground he argues on appeal. Further, the trial objection was not clear enough to inform the trial judge what Appellant wanted and why he was entitled to it. Appellant thus failed to preserve error, and we apply the egregious harm standard.

Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Villarreal*, 453 S.W.3d at 433; *see also Allen v. State*, 253 S.W.3d 260, 264 (Tex.Crim.App. 2008). Egregious harm is a "high and difficult standard" to meet, and such a determination must be "borne out by the trial record." *Villarreal*, 453 S.W.3d at 433 (citing *Reeves v. State*, 420 S.W.3d 812, 816 (Tex.Crim.App. 2013)). We will not reverse a conviction unless the defendant has suffered "actual rather than theoretical harm." *Id.* (citing *Cosio v. State*, 353 S.W.3d 766, 777 (Tex.Crim.App. 2011)).

In examining the record to determine whether charge error has resulted in egregious harm to a defendant, we consider (1) the entirety of the jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole. *Id.*

The entirety of the jury charge mitigates against finding egregious harm. The charge correctly instructed the jury that Appellant had been charged in the indictment with continuous sexual abuse of a child "alleged to have been committed on or about the 1st day of August, 2008

10

through the 26th day of December, 2010[.]" Then, in the paragraph immediately preceding the erroneous instruction, the jury was charged that in order to find Appellant guilty, it "must unanimously agree that the defendant, during a period that is 30 or more days in duration, on or about August 1st, 2008 through December 26, 2010 as charged in Count One of the Indictment, committed two or more acts of sexual abuse." Thus, the charge expressly reminded the jury of the relevant time period in the case. Further, the erroneous portion of the charge was immediately followed by the application paragraph that again correctly instructed the jury that to convict Appellant, it must find beyond a reasonable doubt that Appellant, "on or about the 1st day of August, 2008 through the 26th day of December, 2010," committed two or more acts of sexual abuse.

Texas courts have repeatedly held that where the application paragraph of the charge correctly instructs the jury on the law applicable to the case, this mitigates against a finding that any error in the abstract portion of the charge was egregious. *Kuhn,* 393 S.W.3d at 529 (and cases cited therein).

Moreover, the trial court included a limiting instruction in the charge that if there was any testimony regarding offenses other than those alleged in the indictment, the jury could only consider those offenses in determining intent, state of mind, the previous and subsequent relationship between Appellant and E, "and for no other purpose." This instruction also weighs against any finding that Appellant was denied a fair and impartial trial because it effectively informed the jury not to convict Appellant based on acts he committed before September 1, 2007.

The state of the evidence also weighs against finding egregious harm. Appellant points to evidence presented at trial of acts occurring before September 1, 2007. Specifically, he points to

11

evidence that E stated that Appellant touched his penis before he started kindergarten; that E described touching Appellant's penis when he was "very little;" that E indicated to the CPS worker that any touching happened "a long time ago;" that E was vague about dates of alleged conduct during his interview; and that Appellant admitted to showering with E when E was 6 to 8 years old. This evidence, however, could have been properly considered as circumstantial evidence of Appellant's intent, state of mind, or previous relationship with E, as directed by the limiting instruction given in the charge (and to which Appellant did not object). *See* TEX.CODE CRIM.PROC.ANN. art. 38.37 (West Supp. 2014); *see also Martin*, 335 S.W.3d at 876.

In any event, there was overwhelming evidence, some from Appellant himself, to support a finding beyond a reasonable doubt that Appellant committed two or more acts of sexual abuse during the relevant period after September 1, 2007.

Appellant admitted that E had been masturbating him since E turned nine years old in August 2008. Appellant described an incident in November 2009 in which he stroked E's erect penis and an incident in October 2010 where he and E touched each other's penises. He admitted to sexual contact with E on December 26, 2010, the day before the federal search, and that he had shared photos of E's genitals with others that same day. Appellant also described incidents in which he masturbated in front of E, in which E touched his penis and helped him masturbate, and in which he helped E masturbate, including two specific incidents in August and November 2010. In his video interview, E said that Appellant had touched his penis in the fourth grade (*i.e.*, after August 2008), in the fifth grade, during the summer before the sixth grade, and in the sixth grade the day before Appellant was arrested. E also told the interviewer that he had touched Appellant's penis when he was ten and eleven years old – once or twice in the fifth grade and once

12

in the sixth grade. This evidence was more than sufficient to convict Appellant based on acts of sexual abuse occurring between August 1, 2008 and December 26, 2010. Thus, the jurors could have lawfully convicted Appellant for continuous sexual abuse of a young child even if they had been properly instructed not to base a conviction on Appellant's conduct prior to September 1, 2007.

Finally, neither the State nor Appellant mentioned or relied on the erroneous instruction in argument, nor did they address or rely on any testimony or evidence of any acts occurring before September 1, 2007. Instead, the State generally emphasized the sufficiency of the evidence, including the admissions by Appellant, and specifically mentioned by date only incidents occurring in 2010. Appellant's principal argument was that the evidence was sufficient to convict him only of the lesser-included offense of indecency with a child, but not sufficient to convict him of continuous sexual abuse. Thus, there was nothing in the argument of counsel that focused the jury on supporting conviction based on conduct occurring before September 1, 2007.

Considering the above factors in their totality, we cannot conclude the charge error in this case amounted to egregious harm that deprived Appellant of a fair and impartial trial. We overrule Issue Two.

*Conduct Not Alleged in the Indictment*

In Issue Three, Appellant complains the jury charge authorized conviction for conduct not alleged in the indictment. In particular, Appellant contends that by including the full statutory definitions of "sexual conduct," "performance," and "sexual performance" in the charge, the court authorized conviction for acts of "sexual performance by a child" beyond the two theories alleged in the indictment. Appellant did not raise these objections in the trial court. We conclude that

13

even assuming it was error to instruct the jury on the full and correct statutory definitions, Appellant did not suffer egregious harm.

A person commits the offense of continuous sexual abuse of a young child if he commits two or more acts of "sexual abuse" during a period 30 or more days in duration.[4]  TEX.PENAL CODE ANN. § 21.02(b) (West Supp. 2014).  "Sexual abuse" is defined to include the violation of several penal laws, including indecency with a child under Section 21.11(a)(1) (excluding touching a child's breast) and sexual performance by a child under Section 43.25.[5]  *Id*. at § 21.02(c)(2, 6).

The indictment charged Appellant with continuous sexual abuse of E through (1) indecency with a child, specifically by touching E's genitals or causing E to touch Appellant's genitals; and/or (2) sexual performance by a child, specifically by causing E to engage in "sexual conduct" by lewd exhibition of the genitals and/or by inducing E to masturbate in Appellant's presence.  Appellant does not complain that the application paragraph itself expanded upon the allegations in the indictment.  The application paragraph limited the predicate offenses of indecency with a child and sexual performance by a child to the theories alleged in the indictment.

Appellant's complaint lies with the instructions in the abstract portion of the charge that provided the full statutory definitions of "sexual conduct," "performance," and "sexual performance." [6]  Appellant contends these instructions in the abstract portion of the charge, rather

---

[4] The defendant must be age 17 or older and the victim must be younger than age 14.  TEX.PENAL CODE ANN. § 21.02(b)(2) (West Supp. 2014).

[5] "Sexual performance by a child" occurs when a person employs, authorizes, or induces a child younger than 18 to engage in "sexual conduct" or a "sexual performance."  TEX.PENAL CODE ANN. § 43.25(b) (West 2011).

[6] The terms as defined in the charge, which are set out below, all conformed to the full statutory definitions:

 "Performance" means any play, picture, photograph, dance or other visual representation that can be exhibited before

14

than limiting "sexual performance by a child" to the two theories alleged in the indictment, greatly expanded the theories available for conviction. For instance, Appellant contends these full definitions allowed the jury to consider conviction not only based on his inducing E to masturbate in his presence but also for inducing E to engage in deviate sexual intercourse, sexual bestiality, sado-masochistic abuse, and the like. We disagree.

The application paragraph is the "heart and soul" of the jury charge. *See Vasquez v. State,* 389 S.W.3d 361, 367 (Tex.Crim.App. 2012). The Court of Criminal Appeals has observed, "[i]t is the application paragraph of the charge, not the abstract portion, that authorizes a conviction." *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex.Crim.App. 2012). And, the Court has recently explained, this means that "the application paragraph is what, as a practical manner, authorizes the jury to convict but is not necessarily determinative of what legally authorizes a conviction. The application paragraph is what explains to the jury, in concrete terms, how to apply the law to the facts of the case." *Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex.Crim.App. 2013).

In the instant case, the application paragraph properly directed the jury only to the acts of sexual abuse authorized by the indictment, and did not authorize conviction for such things as deviate sexual intercourse, sexual bestiality, or sado-masochistic abuse. In determining whether the jury charge improperly expanded on the allegations in the indictment, and in making a harm analysis, the proper focus is on the language in the application paragraph. *Id.* "Where the

---

an audience of one or more persons. *See* TEX.PENAL CODE ANN. § 43.25(a)(3) (West 2011).

"Sexual performance" means any performance or part thereof that includes sexual conduct by a child younger than 18 years of age. *See id.* at § 43.25(a)(1).

"Sexual conduct" means sexual contact, actual or simulated intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola. *See id.* at § 43.25(a)(2).

application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex.Crim.App. 1999). Therefore, even if the instructions in the abstract portion of the charge were erroneous, we cannot conclude Appellant suffered egregious harm. *See Patrick v. State*, 906 S.W.2d 481, 493 (Tex.Crim.App. 1995) (holding no harm where the application paragraph points the jury to the appropriate portions of the definitions). Appellant's third issue is overruled.

### *The Application Paragraph*

In Issue Four, Appellant contends the application paragraph of the jury charge erroneously failed to include all the elements of the predicate offenses of indecency with a child and sexual performance by a child.[7] Appellant did not raise these objections in the trial court.

Appellant first argues the portion of the application paragraph concerning indecency with a child failed to require the jury to determine whether he engaged in "sexual contact" and whether he did so with the intent "to arouse or gratify the sexual desire of any person." The application paragraph was preceded in the abstract portion of the charge by instructions that contained these elements, however. The jury was instructed that one commits the offense of indecency with a child if that person intentionally "with the intent to arouse or gratify the sexual desire of any person, engages in sexual contact with the child or causes the child to engage in sexual contact." The jury was also instructed that "sexual contact" includes "any touching by a person … of the genitals of a child, or any touching of any part of the body of a child … with … any part of the genitals of a person with the intent to arouse or gratify the sexual desire of any person."

_____

[7] The application paragraph instructed the jury that the acts of "sexual abuse" included: (a) indecency with a child – by touching E's genitals and/or causing E to touch Appellant's genitals; and/or (b) sexual performance by a child – by "causing" E to engage in "sexual conduct" of (i) lewd exhibition of the genitals and/or by (ii) "inducing" E to masturbate in Appellant's presence.

Likewise, Appellant also argues the portion of the application paragraph concerning sexual performance by a child failed to require the jury to determine that he induced E to engage in sexual conduct "knowing the character and content thereof." Again, however, the abstract portion of the charge contained an instruction that included this element. The jury was instructed that one commits the offense of sexual performance by a child if the person "knowing the character and content thereof" induces the child "to engage in sexual conduct or a sexual performance."

The gravamen of Appellant's complaint then is that the elements of these underlying or predicate offenses were required to be included in the application paragraph and could not be included elsewhere in the jury charge. We disagree.

As this Court has recognized, under the plain language of Section 21.02(b), the offense of continuous sexual abuse of a young child has five elements: (1) a person (2) who is 17 or older (3) commits a series of two or more acts of sexual abuse (4) during a period of thirty or more days, and (5) the victim is younger than 14. *Casey v. State*, 349 S.W.3d 825, 829 (Tex.App. – El Paso 2011, pet. ref'd). The specific acts of sexual abuse the defendant is alleged to have committed are merely the manner and means by which the "series" element is accomplished. *Id.* The application paragraph here properly addressed the five elements of the charged offense – continuous sexual abuse of a young child. Since Appellant was tried for continuous sexual abuse of a young child, and not for the offenses of indecency with a child and sexual performance by a child, it was unnecessary to set out the constituent elements of those predicate offenses in the application paragraph as long as those offenses were defined in the abstract portion of the charge. *See Rodriguez v. State*, 687 S.W.2d 505, 509 (Tex.App. – Houston [1st Dist.] 1985, no pet.) (holding that since appellant was indicted for burglary of a habitation with the intent to commit

17

sexual assault, and not for sexual assault, it was unnecessary to set out the elements of sexual assault in the application paragraph as long as those elements were defined in the abstract portion of the charge).

The application paragraph properly instructed the jury under what circumstances they could convict Appellant. Those circumstances – commission of indecency with a child and/or sexual performance by a child – were completely explained to the jury in the abstract portion of the charge. The jury charge was not erroneous because the instructions provided a "complete map" to the jury of "each step necessary to convict." *See Holley v. State*, 766 S.W.2d 254, 256 (Tex.Crim.App. 1989) (despite application paragraph requiring jury to find for conviction that defendant committed "a felony, to-wit: injury to a child," the charge provided a "complete map" to the jury because the abstract portion of the charge "completely explained to the jury" that it was a felony to cause "serious bodily injury to a child").

Appellant also contends the portion of the application paragraph concerning sexual performance by a child erroneously uses the term "causing" rather than the statutory term "inducing" E to engage in sexual conduct.[8] In this regard, a person commits the offense of sexual performance by a child if he "employs, authorizes, or *induces* a child younger than 18 years of age to engage in sexual conduct or a sexual performance." TEX.PENAL CODE ANN. § 43.25(b) (emphasis added). The abstract portion of the charge, however, correctly instructed the jury that a person commits the offense of sexual performance by a child it the person "employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance." Like the Court of Criminal Appeals in *Holly*, we conclude that despite the use of the term

---

[8] The application paragraph provided in pertinent part that Appellant could be found guilty of continuous sexual abuse of a young child if the jury found that he committed "two or more acts of sexual abuse" "to wit: … sexual performance by a child by causing [E] to engage in sexual conduct …."

18

"causing" in the application paragraph, the charge provides a complete map to the jury of each step necessary to convict, because the abstract portion of the charge properly explains that a person commits sexual performance by a child if he "induces" a child to engage in sexual conduct or a sexual performance.

In any event, Appellant did not object on this ground in the trial court. Considering the entirety of the jury charge, we cannot conclude the jury was confused or misled by the use of the term "causing" in the application paragraph, particularly when the jury was specifically charged in the abstract portion that the offense of sexual performance by a child required that the defendant induce the child to sexual conduct or a sexual performance.[9] Further, as described above, Appellant's own admissions established that he induced E to sexual conduct and sexual performance. Moreover, in final arguments, neither the State nor Appellant attempted to raise any distinction between Appellant's "causing" or "inducing" E to sexual conduct or performance. Even assuming error, we cannot conclude the error amounted to egregious harm that deprived Appellant of a fair and impartial trial. We overrule Issue Four.

## CONCLUSION

Accordingly, we affirm the trial court's judgment.

STEVEN L. HUGHES, Justice

April 24, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

---

[9] We note that the terms "causing" and "induce" have similar meanings in this context. "Causing" includes a person acting "in such a way that some specific thing happens as a result," and "induce" means "to lead or move by persuasion or influence[.]" *Webster's New Universal Unabridged Dictionary* (2003), pp. 330, 975. That Appellant may have acted in such a way that E participated in sexual conduct as a result, or whether Appellant led or moved E to do so by persuasion or influence, appears to be a distinction without a difference.